BARCROFT & CO. v. G. M. ROBERTS & CO.

*Petition to Rehear.*

1. Under the rule requiring petitions to rehear to be filed within twenty days after the commencement of the succeeding term, the first day of the period allowed is to be excluded from the count, and the last day also, when it falls on Sunday.

2. Under the rule, petitions to rehear are confined to alleged errors in law, or to newly discovered evidence.

3. The present petition to rehear is founded upon the erroneous supposition that this court misunderstood the facts as found by his Honor in the court below.

PETITION by the defendants to rehear, filed February 23, 1885, and heard at February term of the Supreme Court.

The case is reported in 91 N. C., 363.

The respondents moved to dismiss the petition on the ground that it was not filed within twenty days after the commencement of the term succeeding that at which judgment was given.

The reasons on which the Court was asked to reverse its former decision appear in the opinion.

*Messrs. Jones & Hardwick* and *John W. Hinsdale* for the plaintiffs.

*Messrs. Battle & Mordecai* for the defendants.

SMITH, C. J. The defendants' petition alleging errors, and asking us to review the decision made in the cause at the last term, in order to their correction, was filed on the 23rd day of February of the present term, and the defendants' counsel moves to dismiss it because it was not filed "within twenty days after the commencement of the succeeding term," under the requirements of the statute, *Code*, §966. Rule 12.

This would be so, but that the first day of the period allowed is to be excluded from the count, and the last also because it was Sunday, and this brings the filing within the time limited. The motion must therefore be disallowed and the merits of the application considered.

The error assigned, and entering into the exceptions now brought before us for review, lies in an alleged misapprehension that the findings of fact by the referee were adopted or concurred in by the judge who passed on the exceptions, instead of being overruled and corrected, as shown in the record.

In examining the form of the several exceptions, it will be seen that while some countenance is given to the suggested con-

struction, they all distinctly point to the referee's *deductions* from the facts as their essential object and not to the *facts* themselves.

The first—which we shall not repeat in full as it will be found in the report of the case—is to the referee's finding of fact, reciting his own words in reference to the reasons for delay in bringing the action and it proceeds thus, " in that no promise of defendants, or either of them, or of their attorney, was *shown to have been within three years next preceding the bringing of this action,* nor were said promises, if any, *in writing,* nor were said promises, if made within three years, *sufficient in law to repel the statute of limitations.*" Most obviously the preliminary recitals are but introductory to the material matter of the exception, and that is, that the facts so found do not impair the efficacy of the statute as a defence to the demand, as is ruled by the referee.

1. The gist of the exception is that he attributes such consequences, such legal effect, to the facts reported, and in this he is overruled by the judge.

2. The second exception is similar in expression, and its force is spent in the referee's refusal to allow the defendants a credit for the $500 mentioned in the receipt of the plaintiffs' attorney. In this the referee is also overruled.

3. The third exception is but a repetition of the first, and, both in form and effect, is to the referee's disallowance of the defence arising from the lapse of time as affected by the representations and assurances given to the attorney in charge of the plaintiffs' claim.

The exceptions upon a fair and reasonable construction of the record, all of them, involve matters of law, and, except the second, terminate in an alleged erroneous ruling that the statutory bar is displaced by what before transpired between the debtors and the plaintiffs' attorney, and in this the contention is sustained by the Court.

The final judgment "that the exceptions of the defendant to said report be sustained, and that the report be, and the same is, hereby corrected and reformed, so as to conform to the said

exceptions," must be understood to refer to the account to be modified according to the adjudication of the Court of the legal inferences deduced from the facts reported; otherwise the Court would have proceeded to find the discrepant facts and set them out as the basis of the reformed judgment.

It was therefore entirely proper in the absence of any variant or corrective finding of facts by the court, to assume that his rulings upon the law were predicated upon the referee's report. Unless this be the interpretation of the case, the present application would rest upon a supposed misconception of its facts, and not come within the scope of the rule for rehearing which is confined to a revisal of "alleged errors in law," or to cases of "newly discovered evidence." 89 N. C. 606, Rule 12, sec. 2.

This case presents another illustration of the importance of observing the rule, that upon a trial the action of the court must be complete, and so appear on the record before an appeal can be taken.   Here it was not done—no change made in the statement of facts—nothing shown in the record by which it can be seen what, if any, differences existed between the judge and the referee, other than in matters of law.   If this fails to carry out the intentions of the court, the fault rests upon the appellants in not having the record made complete and perfect, and in bringing it up in its present confused condition.

The argument in support of the proposed re-hearing proceeds upon an averment found in the petition that "the sustaining of the exceptions of the defendants was in effect, and in fact, a finding of the facts anew by the judge below," and this the appellate court failed to recognize.   But, in answer to the allegation, the inquiry arises, what facts are so found?   How can the appellate court ascertain in what particular they are variant?

But such is not the import of the judge's action upon the exceptions, and his negation must, for reasons stated, be restricted to the referee's conclusion as to the bearing and effect of the facts upon the defendants' liability for the claim.

There is no error, and the judgment must be affirmed.

No error.                                          Affirmed.