### ELLEN BURGESS v. JOHN C. BURGESS, et al.

*Sale of Land for Taxes—Tax Deed, Date of—Validity.*

Where a tract of land was sold for taxes on the 3rd day of May, 1892, a deed made on the 3rd day of May, 1893, by the sheriff, in pursuance of such sale, is void, inasmuch as, by Sec. 66 of Ch. 323 Acts of 1891, the deed must be made within one year after the expiration of one year from date of sale," and the computation of time under Sec. 596 of *The Code* must be by excluding the first day and including the last.

CIVIL ACTION for the recovery of land, tried at Fall Term, 1894, of ALEXANDER Superior Court before *Brown, J.* Upon an intimation by his Honor that he could not recover, the plaintiff submitted to a non-suit and appealed. The facts sufficiently appear in the opinion of Associate Justice MONTGOMERY.

*Messrs. A. C. McIntosh* and *R. Z. Linney,* for plaintiff (appellant).

*Messrs. Shepherd & Busbee* and *R. B. Burke,* for defendant.

BURGESS *v.* BURGESS.

MONTGOMERY, J.: This action was brought to recover the possession of a tract of land held by the defendant under a deed from one Turner who claimed to be the assignee of the bid of the board of county commissioners of Alexander county at the sheriff's sale of the land for the taxes of 1891. The tract contained 55 acres, the plaintiff's title was in fee, and the bid of the commissioners was $1.98 for the whole tract. The plaintiff was formerly a resident of Alexander county, but four years ago went to the county of Burke to live. She had paid the taxes for 1890.

We do not know what the consideration was in the deed from Turner to the defendant, as the deed does not appear in the record; but it is reasonable to presume that, his title being a tax-title, the amount paid was not the value of the land. The plaintiff had offered to Turner what he had paid for the land and his expenses if he would convey to her, but he refused. The defendant, too, had been the agent of the plaintiff in the payment of her taxes on this land, one year. It seems to be clear that neither Turner nor the defendant has learned to practise the rule, "Whatsoever ye would that men should do to you, do ye even so to them." Hardships, such as the one attempted to be perpetrated here, could only occur under Revenue Laws necessarily stringent where forfeitures are inflicted and presumptions allowed to enforce the collection of taxes. Some of these presumptions were invoked in this case in behalf of the plaintiff's title, but their consideration is not necessary in the determination of this matter. On the trial the plaintiff introduced a deed for the *locus in quo* and the defendant set up his deed from Turner. The ale was made by the sheriff on the 3rd day of May, 1892, and the deed to Turner was executed on the 3rd day of May, 1893.

Section 66 of Chapter 323 of The Laws of 1891, under

which the land was sold for taxes, provides: "At any time within one year *after the expiration of one year* from the date of sale of any real estate for taxes........the sheriff shall execute and deliver to the purchaser, his heirs or assigns, a deed, &c." It is the general rule that when the computation of time is to be made from an act done, the day on which the act is done is to be excluded. *Jacob* v. *Graham*, 1 Black (1nd.,) 393. The 3rd day of May, 1892, (the date of the sale) would therefore be excluded, and the 3rd day of May, 1893, included to complete the year. The 4th day of May, 1893, would be the first day after the expiration of the year. The same method of computing time *within* which an act is to be done is enacted in Section 596 of *The Code* and decided in *Keeter* v. *Railroad*, 86 N. C., 346, *Bancroft* v. *Roberts*, 92 N. C., 249, and *Glanton* v. *Jacobs*, at this Term. The deed therefore from Turner to the defendant was void and the plaintiff ought to have recovered in the action.

There was error in the ruling of his Honor and the nonsuit must be set aside.

Error.

New Trial.