## PITTSBURG LUMBER COMPANY v. Z. P. ROWE.

### (Filed 13 October, 1909.)

**1. Appeal and Error — Agreement of Time to Serve Case — How Computed—Sunday.**

In computing the time wherein a case on appeal may be served under an agreement, when, by excluding the first, the last day falls on Sunday, service on the next succeeding day is sufficient. Clark's Code, sec. 596.

**2. Issues—Misapplication of Funds—Consent—Instructions.**

Upon an issue as to whether the defendant fraudulently applied the plaintiff's money to his own use, the defense being that the money was used with the plaintiff's consent, the question presented was whether the defendant had reasonable grounds to believe from his intercourse with plaintiff that it had been so agreed; and it was not error for the trial judge to omit to charge as to whether the plaintiff assented to this use of the money by defendant, either expressly or impliedly, as such would tend to confuse the true meaning of the issue.

APPEAL from *Neal, J.,* May Term, 1908, of NEW HANOVER.

Civil action to recover money alleged to have been advanced to defendant for services, expenses, etc., as agent, in buying logs for plaintiff, a part of which defendant wrongfully converted to his own use in building a house for himself. The defendant contended that the plaintiff consented to his thus using the money, and, further, denied that he owed plaintiff anything. From the judgment rendered the defendant appealed.

*Meares & Ruark* for plaintiff.
*Stevens, Beasley & Weeks* for defendant.

BROWN, J. 1. The contention that the case on appeal was not served in time, and therefore the court can consider only errors apparent on the face of the record proper, cannot be sustained. The court adjourned for the term 5 June, 1908. Under the consent order, plaintiff was required to serve his case within thirty days. Excluding the 5th, plaintiff was required to serve his case on 5 July. That day being Sunday, service on the 6th is legal. Clark's Code, sec. 596, and cases cited; *Guano Co. v. Hicks,* 120 N. C., 29; *Turrentine v. Railroad,* 92 N. C., 642.

2. This cause was tried at the April Term, 1907, of the Superior Court of New Hanover County, upon issues which the jury answered as follows: (1) "Is the defendant indebted to the plaintiff, as alleged in the complaint? If so, in what amount?" Answer: "$623.62." (2) If so, did defendant fraudulently misapply the money so advanced to his own use?" Answer:

"No." (3) "Is the plaintiff indebted to defendant upon his counterclaim; and if so, in what amount?" Answer: "Nothing."

His Honor, *Judge Long,* set aside the verdict as to issue No. 2, entered judgment in favor of the plaintiff for $623.62 and directed a new trial as to the second issue. An appeal by defendant, not being perfected, was dismissed by the Supreme Court. The case was again heard at the May Term, 1908, of the Superior Court, before his Honor, *Judge Neal,* upon the second issue only, to-wit, "Did the defendant fraudulently misapply the money, $623.62, to his, the defendant's, use?" The jury answered the issue "Yes."

The assignments of error all relate to the charge of the court, and we find no merit in them. We think his Honor did the defendant full justice and stated succinctly the whole controversy when he charged: "That if the jury shall find from the evidence that the defendant Rowe had reasonable ground to believe that the plaintiff company, through its vice-president and general manager, assented to the use of money for building the house (either expressly or impliedly), then the jury should answer the ____ issue 'No.'" The omission by his Honor of the words in parentheses was not erroneous; in fact, it would have somewhat obscured the true meaning of the issue to have included them. The question presented was not what the plaintiff had expressly or impliedly agreed to, but what the defendant had reasonable grounds to believe, from his intercourse with its vice-president and general manager, it had agreed to.

We fail to see anything in the contention that there is no finding to support the judgment of *Judge Neal.* The issue and finding relating to this question of fraud is copied in the record and embodied in the judgment, and fully warrants it.

No error.