C. C. WEESNER v. DAVIDSON COUNTY AND BOARD OF EDUCATION.

(Filed 14 December, 1921.)

1. School Districts — Taxation — Statutes— Elections—Less Than Two Years.

C. S., 5533, requiring that "no election for revoking a special tax in any special tax district shall be ordered and held," within less than two years from the date at which the tax was voted and the district established, "nor at any time within less than two years after the date of the last election on the question in the district," invalidates any election on the question of taxation held within two years after the last election, the second proposition being independent from the first as to "revoking" a special tax in the district, otherwise the second provision would be identical with the first, and meaningless.

2. Statutes—Interpretation—Captions.

The caption of an act may be called in to aid its interpretation only in case of doubt, and not when the legislative meaning or intent is clearly expressed in the body of the act; especially so when the caption has been prepared by compilers and not voted on by the legislative body as a part of the act.

3. **School Districts — Taxation — Statutes — Elections— Computation of Time.**

> Computing the two years period in which an election may be had with regard to taxation in a special school district under the provisions of C. S., 5533, the time should be computed from the last valid election on the subject.

APPEAL by plaintiff from *Webb, J.,* at chambers, 8 August, 1921, from DAVIDSON.

Civil action to enjoin the levy and collection of a special tax in Arcadia School District, Davidson County, upon the ground that the election authorizing said levy was without warrant of law, and therefore void.

Two reasons are assigned for the invalidity of the election: (1) It is alleged that seven persons who voted "For Special Tax" were not legal voters, and therefore ineligible to vote; and (2) that the election was held within two years after a former, unsuccessful election had been held on the same question in the same district.

From a judgment sustaining the validity of the election and establishing the legality of the tax, the plaintiff appealed.

*Walser & Walser for plaintiff.*
*Raper & Raper and J. R. McCrary for defendant.*

STACY, J. We will omit any consideration of the first exception, as it involves only a question of fact and, indeed, we consider it immaterial, as will presently appear.

The second exception calls for a construction of C. S., 5533. The plaintiff contends that under this section the election in question is void, because, within two years prior thereto, a similar election was held for the same territory and dfeated. It appears from the record that a special tax election was held for Arcadia Township, with the exception of Hill's District, on 9 September, 1919, at which said election a majority of the registered voters did not vote "For Special Tax." Thereafter, on 12 April, 1921, the present election was held for the five districts comprising all the territory of Arcadia Township, with the exception of Hill's District and one family. At this election it is alleged that a majority of the qualified voters cast ballots in favor of the special tax.

It will be observed that both elections were held within a space of less than two years apart. This would seem to be contrary to the statute, which provides: "No election for revoking a special tax in any special-tax district shall be ordered and held in the district within less than two years from the date of the election at which the tax was voted and the

district established." And then there is added: "Nor at any time within less than two years after the date of the last election on the question in the district."

To hold in accordance with the defendant's contention that the prohibition refers only to an election held for the purpose of *revoking* a special tax already authorized, and not to an election, successful or otherwise, held for the purpose of submitting to the qualified voters of the district the question as to whether or not a special tax should be levied, would render meaningless the second clause in the statute. Again, under this construction, the statute would contain two prohibitions against an election for revoking the tax, and none against an election within two years after it is defeated. It should be noted that the "election" referred to in the second clause is not limited to an election for revoking or abolishing an existing tax; but, by the express terms of the act, it applies to any "election on the question."

The qualifying phrase, "for revoking a special tax," is not brought forward in the second clause; and the use of the word "nor," a disjunctive conjunction or negative connective, would seem to repel the idea of its intended repetition. The second clause is not a duplication of the first, but rather added in contradistinction to it. Obviously it was intended to modify the word "election," and not the words "election for revoking a special tax." In its entirety it would read: "nor shall any election be ordered and held at any time within less than two years after the date of the last election on the question in the district."

His Honor was doubtless misled by the caption, which reads as follows: "Election for abolition not oftener than once in two years." Where the meaning of a statute is doubtful, its title may be called in aid of construction (*Freight Discrimination Cases,* 95 N. C., 434); but the caption cannot control when the meaning of the text is clear. *In re Chisholm's Will,* 176 N. C., 211, and cases there cited. Especially is this true where the headings of sections have been prepared by compilers and not by the Legislature itself. *Cram v. Cram,* 116 N. C., 288. See, also, chapter 73 of the Consolidated Statutes on the subject of "Statutory Construction."

There was an election *on the question,* 9 September, 1919, and the present election was held 12 April, 1921, "within less than two years after the date of the last election on the question in the district." The clear intent of the Legislature was to avoid the multiplicity and frequency of these elections; and we must give effect to each and every part of the statute.

In the instant case, however, it may not be amiss to add that as two years have now elapsed since the election in September, 1919, we see no reason why another election could not be held at the present time, if

such be desirable. In computing the two years, the election held in April, 1921, being within the prohibited period, should be disregarded.

Upon the record and as now presented, we think the plaintiff's application for a restraining order should have been granted.

Error.