S. D. BARNES v. P. J. LEONARD ET AL., BOARD OF COMMISSIONERS OF DAVIDSON COUNTY.

(Filed 8 November, 1922.)

1. **School Districts — Consolidation—Taxation—Nontax Territory—Elections—Approval of Voters.**

    Where special school tax districts have been consolidated with nonschool tax territory, it is, in effect, an enlargement of the special tax territory, and coming within the provisions of C. S., 5530, it is required for the validity of a special tax to be levied for school purposes in the enlarged territory that it be approved by the voters outside of the special tax district, or districts included in the consolidated territory, at an election to be held according to law.

2. **School Districts — Consolidation — Taxation—Existing Districts—Collateral Attack—Actions—Injunction.**

    Where nonspecial school tax territory is included in a consolidated school tax district with a school tax district that has theretofore voted

and continued to levy a special tax, the question of the validity of the tax so levied by the existing district cannot be attacked collaterally in a suit to enjoin the levy of a special tax on the entire consolidated district, later attempted to be formed.

APPEAL by defendants from *Harding, J.,* at chambers, 30 September, 1922, from DAVIDSON.

Civil action, heard on return of preliminary restraining order.

From the affidavits and pleadings as presented, it appeared that in March, 1921, the board of education of said county made an order consolidating certain school districts in said county, and on 7 March an election was ordered on the question of a special tax to supplement the school funds of said consolidated district. The election was held, and the proposed tax measure approved by the voters on 8 April, 1921. That the districts composing the said consolidated school district were Churchland District, No. 3; Sapona District, No. 2; Sowers District, No. 4. And at the time of consolidation and the election, etc., the said Churchland District was a special school tax district, having voted same in July, 1911, and district organized and tax levied and collected for purpose since said date, and the two other districts were districts in which no special tax had ever been voted.

The action is to restrain the collection of the special tax in the consolidated district, and on the facts presented the court entered judgment continuing the restraining order to the final hearing, and defendants excepted and appealed.

*Walser & Walser for plaintiff.*
*J. R. McCrary and Raper & Raper for defendant.*

HOKE, J. It has been held in several of our recent decisions that under a proper construction of the legislation now prevailing on the subject, C. S., ch. 95, secs. 5469-5526, etc., also Laws 1921, ch. 179, that while county boards of education are given power to consolidate special tax districts, observing the provisions of the statutes in reference thereto, when they undertake to consolidate special tax districts with school districts in which no special tax has been voted, the case, in so far as levying the uniform tax is concerned, is one coming under the requirements of C. S., 5530, referring more especially to the enlargement of special tax districts, and in which it is provided that before any such consolidation or enlargement shall take place, it must have the approval of the voters outside of the special tax district or districts. *Hicks v. Comrs.,* 183 N. C., 394; *Perry v. Comrs.,* 183 N. C., 387; *Paschal v. Johnson,* 183 N. C., 129.

In further application of the principle approved in these decisions in *Burney v. Comrs., ante,* 274, decided intimation is given that a formal election on the question in the outlying or nontax territory would not always be regarded as essential, provided it affirmatively appeared that in an election on the question by the entire district a majority of the voters in the outlying territory had in fact approved the measure.

On the present record, however, there is no evidence tending to show, nor is it claimed or suggested that the voters of these two nontax districts have given their sanction to this proposed tax levy, and the case, therefore, as now presented, comes directly within the decisions of *Perry v. Comrs., supra,* and *Hicks v. Comrs., supra,* to the effect that the levy of the special tax for the consolidated district has not been properly approved.

It is urged for the appellant that decisions relied upon by appellee do not apply here by reason of an averment in the answer that Churchland District, No. 3, was never lawfully a special tax district, because the election under which it was organized and the special tax imposed was held in July, 1911, within three months of another election in May of the same year, citing for the position *Weesner v. Davidson,* 182 N. C., 604. Whatever may be the effect of this averment when properly presented and established, it appears that Churchland District, No. 3, was organized and has functioned as a special tax district since 1911, and the election in question has been recognized and acted on both by the municipal government and electors as valid since said date, and on authority its existence as a special tax district cannot be assailed collaterally in a proceeding of this character. *S. v. Cooper,* 101 N. C., 684; *Riggsbee v. Durham,* 98 N. C., 81; *School District v. School District,* 45 Kansas, 543; *Voss v. School District,* 18 Kansas, 467; *Keweenaw Asso. v. School District,* 98 Mich., 437; 35 Cyc., p. 846. It will be noted that in the *Weesner case, supra,* the action was one in which the validity of the election was directly assailed.

On the facts as they now appear, we are of opinion that his Honor correctly ruled that the restraining order be continued to the final hearing.

Affirmed.