J. L. ADCOCK ET AL. v. TOWN OF FUQUAY SPRINGS ET AL.

(Filed 26 October, 1927.)

1. **Taxation—Municipal Corporations—Cities and Towns—Bonds—Necessary Expenses—Ordinances—Statutes—Vote of People—Elections.**

While an incorporated city or town may issue bonds for a sewer and water system as a necessary expense, without submitting the question to its voters, it may nevertheless provide by an ordinance passed for the purpose that the bonds shall be so submitted, and then the proposed

issue will require for their validity that the voters approve them at an election to be held accordingly, the ordinance in this respect having the force of a statute. 3 C. S., 2938(2) (3), 2948.

**2. Taxation—Elections—Municipal Elections—Statutes—Interpretation— Time for Holding Elections.**

For an incorporated city or town to issue valid bonds wherein it is required that its voters approve, it is made mandatory by statute, C. S., 2948(2), that the special election therefor be held at the regular municipal election next succeeding the passage of the ordinance, but not within one month before or after a regular election, and the term "general election" is interpreted with the antecedent words of the statute "municipal election," and excludes a general State or National election.

**3. Same—Calendar Month—Computation of Time.**

The requirement that municipal elections for the issuance of bonds shall not be held within one month before or after a regular municipal election, C. S., 2948, refers to a month according to the designation in the calendar without regard to the number of days it may contain (C. S., 3949(3), and is computed by excluding the first and including the last day thereof. C. S., 922.

APPEAL by plaintiffs from *Devin, J.,* at June Term, 1927, of WAKE. Reversed.

On 29 March, 1927, the board of commissioners of the town of Fuquay Springs passed two ordinances authorizing the issuance of bonds—the first in the sum of $90,000 for a water system, the second in the sum of $60,000 for a sewer system, each ordinance containing the proviso that it should take effect when approved by popular vote. The election was held and a majority of the votes were in favor of issuing the bonds. The plaintiffs, citizens and taxpayers of the town, brought suit to enjoin the sale of the bonds, setting up irregularities and statutory provisions which they alleged vitiated the election. On the return day the temporary restraining order was vacated and set aside, and the plaintiffs excepted and appealed.

*W. B. Oliver and R. N. Simms for plaintiffs.*
*J. C. Little and R. Bruce Gunter for defendants.*

ADAMS, J. The General Assembly may confer upon municipal corporations the power to create debts and issue bonds for necessary expenses without the approval of a majority of the qualified voters; but when it is provided by statute or ordinance that a proposition to incur the indebtedness shall be submitted to the voters their approval is necessary to a valid issuance of the bonds. *McKethan v. Comrs.,* 92 N. C., 243; *Swinson v. Mount Olive,* 147 N. C., 611; *Comrs. v. Webb,* 148 N. C., 120; *Ellison v. Williamston,* 152 N. C., 147. The cost of con-

structing water and sewer systems is one of the necessary expenses of a municipal corporation; but as the commissioners of Fuquay Springs deemed it advisable to obtain the assent of the voters it was essential to show at the hearing an "affirmative vote of the majority of the voters voting on the bond ordinance." This was done; so there is no dispute concerning the purpose for which the debt was to be contracted. 3 C. S., 2938(2), (3); 2948.

The appellants impeach the election on the ground that it was held without authority of law. The statute reads as follows: "Whenever the taking effect of an ordinance authorizing the issuance of bonds is dependent upon the approval of the ordinance by the voters of a municipality, the governing body may submit the ordinance to the voters at an election to be held not more than six months after the passage of the ordinance. The governing body may call a special election for that purpose or may submit the ordinance to the voters at the regular municipal election next succeeding the passage of the ordinance, but no such special election shall be held within one month before or after a regular election." C. S., 2948(2).

We deem it clear that the last two words, "regular election," relate to the antecedent "regular municipal election" and not, as contended by the appellees, to a general State and National election. This is the more reasonable, if not the only reasonable, interpretation of the statute. The regular municipal election was held on 7 May, 1927, and the special bond election on 7 June, 1927. The question is whether the latter election was held within one month after the former.

The word month shall be construed to be a calendar month, unless otherwise expressed. C. S., 3949(3). "The modern authorities, which are very numerous, recognize but two sorts of months, lunar and calendar. The lunar month, when spoken of in statutes, consists of twenty-eight days; a calendar month contains the number of days ascribed to it in the calendar, varying from twenty-eight to thirty-one." *S. v. Upchurch,* 72 N. C., 146. "A calendar month means a month as designated in the calendar without regard to the number of days it may contain; it is to be computed, not by counting days, but by looking at the calendar, and it runs from a given day in one month to a day of the corresponding number in the next month, except when the last month has not so many days, in which event it expires on the last day of that month." 38 Cyc., 312. In this respect our statute has adopted the computation of the civil instead of the common law. *Satterwhite v. Burwell,* 51 N. C., 92.

The time within which an act is to be done shall be computed by excluding the first and including the last day. C. S., 922. If 7 May be

excluded the election of 7 June took place within a calendar month after the regular municipal election, because 7 June was the last day of the calendar month commencing after the expiration of 7 May. This is the law as expounded in *Burgess v. Burgess,* 117 N. C., 447, which was an action for the recovery of land. There the plaintiff had title in fee and the defendant held possession under the assignee of the bid offered by the board of county commissioners at a sale made by the sheriff for nonpayment of taxes. The statute under which the land was sold contained this provision: "At any time within one year after the expiration of one year from the date of sale of any real estate for taxes . . . the sheriff shall execute and deliver to the purchaser, his heirs or assigns, a deed of conveyance." Laws 1891, ch. 326 (not 323), sec. 66, p. 328. The Court gave the statute the following interpretation: "It is the general rule that when the computation of time is to be made from an act done, the day in which the act is done is to be excluded. *Jacob v. Graham,* 1 Black (Ind.), 393. The 3 May, 1892 (the date of the sale), would therefore be excluded, and the 3 May, 1893, included to complete the year. The 4 May, 1893, would be the first day after the expiration of the year. The same method of computing time within which an act is to be done is enacted in section 596 of The Code and decided in *Keeter v. R. R.,* 86 N. C., 346; *Barcroft v. Roberts,* 92 N. C., 249, and *Glanton v. Jacobs, ante,* 427. The deed, therefore, from Turner to the defendant was void, and the plaintiff ought to have recovered in the action." The decision clearly sustains the contention that the election of 7 June was held within a month after the regular municipal election.

The remaining question, whether the statute prohibiting an election within the prescribed time (C. S., 2948(2) is mandatory or directory, has been resolved against the position taken by the defendants. With respect to a special tax in special school districts a statute provided that no election for revoking such tax should be ordered and held in the district within less than two years from the date of the election at which the tax was voted and the district established. C. S., 5533. In *Weesner v. Davidson,* 182 N. C., 604, this inhibition was held to be mandatory, the Court observing, "The clear intent of the Legislature was to avoid the multiplicity and frequency of these elections, and we must give effect to each and every part of the statute." Authority to take one day from the time limit would in legal effect sanction the subtraction of any other number of days and would thereby practically nullify the statute and defeat the commendable purpose for which it was enacted.

The election of 7 June was void because it took place within a period during which the statute in express terms provided it should not be held. Judgment

Reversed.