CHRISTINE McCRARY BOWLES v. LOUIS GRANT BOWLES.

(Filed 8 April, 1953.)

**1. Husband and Wife § 12d (1)—**

An essential requisite to a deed of separation is that it be reasonable, just and fair to the wife, having due regard to the circumstances of the parties at the time it was made.

**2. Husband and Wife § 12d (2)—**

A separation agreement is to be construed to ascertain and effectuate the intent of the parties as expressed in the language of the instrument, taking into consideration the subject matter, the end in view, the purpose sought, and the situation of the parties at the time.

**3. Same—**

The separation agreement in controversy provided that the husband should pay taxes, insurance premiums and cost of major repairs for a particular residence and that the wife should have the privilege of living there, with further provision that if she should desire to live elsewhere she should be paid the net proceeds from the rental thereof, "excluding the cost of major repairs and upkeep, property taxes and payments on insurance . . ." *Held:* The wife upon moving her residence elsewhere, is entitled to receive the net rents from the property, and the husband is not entitled to deduct therefrom the cost of major repairs, property taxes and insurance premiums.

APPEAL by plaintiff from *McLean, Special Judge,* December Special Term, 1952, of IREDELL.

Submission of controversy without action upon an agreed statement of facts to determine the amount of rent the plaintiff shall receive under a deed of separation between the plaintiff and the defendant from a house in Statesville, North Carolina, while she and her children are living away from Statesville. Reversed.

The agreed case may be summarized as follows:

*First.* On 7 June, 1945, the plaintiff and the defendant were husband and wife, and living at 444 West End Avenue, Statesville, North Carolina. They were the parents of three minor children.

*Second.* On 30 March, 1946, the plaintiff and the defendant entered into a separation agreement, called in the instrument a deed of separation, which is properly recorded in the public registry of Iredell County, and a copy attached to the agreed case.

*Third.* By the terms of the separation deed a property settlement was made, and the plaintiff received the custody of their three minor children.

*Fourth.* According to the deed of separation the home located at 444 West End Avenue, Statesville, North Carolina, was conveyed by deed by the plaintiff and defendant to their three minor children in fee simple with general warranties. The deed of conveyance is dated 12 April, 1946, and is properly recorded. The deed is subject to the following condition: "This deed subject to the right of Christine McCrary Bowles, one of the grantors herein, to live in the house on the above described lot for the duration of her natural life, as provided for in deed of separation entered into between the grantors, Louis G. Bowles and his wife, Christine McCrary Bowles."

*Fifth.* The pertinent part of paragraph three of the separation deed is as follows (the party of the first part is the defendant in this proceeding and the party of the second part is the plaintiff here) : as to the home place at 444 West End Avenue, Statesville, the party of the first part "will pay the property taxes thereon, keep the same adequately insured against loss by fire, and make such reasonable and necessary repairs to

the said residence and buildings thereon that may be required to keep it in good order and condition, ordinary wear and tear excepted, and it is understood and agreed between the parties hereto that the party of the second part shall have the right to occupy and maintain the said home and property as a residence for herself and for the children, free from interference of the party of the first part, during the term of her natural life; however, in the event the party of the second part should move away and give up the said residence and live elsewhere with the children, in that event the party of the first part, during her and their absence, shall have the management, control and rental of the same during the time she and they are living elsewhere, with the understanding and agreement that during the time she and the children are living elsewhere that the net proceeds from the rental thereof, excluding the cost of major repairs and upkeep, property taxes and payments on insurance against loss by fire, shall be paid over to the party of the second part in lieu of actual occupancy itself."

*Sixth.* From the date of the separation deed until about 15 September, 1952, the plaintiff and her three children occupied this home place continuously with the exception of a few months. About 15 September, 1952, the plaintiff with her two younger children—the oldest having married—rented an apartment and moved to Lexington, North Carolina, to be nearer the Baptist Hospital at Winston-Salem, where her son is receiving treatment. The plaintiff with her two younger children desires to live away from Statesville, and to receive the rental from the home place as provided in paragraph three of the separation deed.

*Seventh.* The defendant, with the consent of the plaintiff, through a real estate agent has rented the home place in Statesville for $75.00 a month.

*Eighth.* "That a controversy has arisen between the plaintiff and the defendant as to the interpretation and meaning of paragraph 3 of the separation agreement as above set forth, the plaintiff contending that while she is living away from the said property that she is to receive the net rental therefrom, and that the defendant is not relieved of the burden of paying the property taxes, the insurance premiums and to make necessary and reasonable repairs to the property to keep it in good order and condition; the defendant contending that while the plaintiff lives away from the said property he is not responsible for the property taxes, insurance premiums and repairs, but that these items should come out of the rental from the said property."

The court rendered judgment that the defendant be, and he is authorized to manage the home place at 444 West End Avenue, Statesville, and collect the rents therefrom and to pay from said rents the major repairs,

upkeep, taxes and insurance and pay the balance to the plaintiff; and taxed the plaintiff with the costs.

From the judgment signed, the plaintiff appealed to the Supreme Court, assigning error.

*Land, Sowers, Avery & Ward for plaintiff, appellant.*
*Scott, Collier & Nash for defendant, appellee.*

PARKER, J. Separation agreements between husband and wife have not always been recognized as valid in North Carolina. *Collins v. Collins,* 62 N.C. 153; *Archbell v. Archbell,* 158 N.C. 408, 74 S.E. 327, Ann. Cas., 1913 D, 261. This view has been modified from time to time. The authorities are generally agreed upon the requisites for a valid deed of separation. One essential requisite is that "the agreement of separation must be reasonable, just, and fair to the wife—having due regard to the condition and circumstances of the parties at the time it was made." *Smith v. Smith,* 225 N.C. 189, 34 S.E. 2d 148.

"Questions relating to the construction, . . . of separation agreements between a husband and wife are governed, in general, by the rules and provisions applicable in the case of other contracts generally." 17 Am. Jur., Divorce and Separation, Sec. 732.

"The cardinal rule to be applied in determining the effect of property settlement agreements is to ascertain the intention of the parties as expressed in the agreement, and to carry out such intention as nearly as may be done without violence to the language used." 27 C.J.S., Divorce, Sec. 301.

"The heart of a contract is the intention of the parties, which is to be ascertained from the expressions used, the subject matter, the end in view, the purpose sought, and the situation of the parties at the time. *Jones v. Casstevens,* 222 N.C. 411, 23 S.E. 2d 303." *Electric Co. v. Ins. Co.,* 229 N.C. 518, 50 S.E. 2d 295. See *Wall v. Williams,* 93 N.C. 327, where this Court in construing a contract for support, gave the word *support* a liberal construction.

Webster's New International Dictionary defines *exclude* as follows: "To shut out; to hinder from entrance or admission; to refuse participation, enjoyment, consideration, or inclusion to; as, to exclude the light; to exclude one nation from the ports of another; to exclude nonessentials from an argument; . . . Keep out what is already outside."

The meaning of the word *exclude* has frequently been construed in connection with G.S. 1-593 "the time within which an act is to be done, as provided by law, shall be computed by excluding the first and including the last day. If the last day is Sunday or a legal holiday, it must be excluded." In construing this statute this Court has decided in many

BOWLES *v.* BOWLES.

cases that *exclude* means to shut out; to refuse consideration in the computation of time. *Barcroft v. Roberts,* 92 N.C. 249; *Burgess v. Burgess,* 117 N.C. 447, 23 S.E. 336; *Lumber Co. v. Rowe,* 151 N.C. 130, 65 S.E. 750; *Adcock v. Fuquay Springs,* 194 N.C. 423, 140 S.E. 24; *Pettit v. Trailer Co.,* 214 N.C. 335, 199 S.E. 279.

In *Lumber Co. v. Rowe, supra,* the Court says: "The Court adjourned for the term 5 June 1908. Under the consent order plaintiff was required to serve his case within thirty days. Excluding the 5th, plaintiff was required to serve his case on 5 July. That day being Sunday, service on the 6th is legal."

The agreed case states that the defendant with the consent of the plaintiff, through a real estate agent, has rented the house for $75.00 a month. It is a fact known to all that rental agents charge commissions to collect rent for the owners of property. The $75.00 a month paid to the rental agent is gross rent; when he deducts his commission, and pays over the rest of the rent collected to the defendant, it is net rent. Giving the word *exclude* its ordinary and usual meaning it is clear that the defendant cannot deduct or take out from the net rent the cost of major repairs and upkeep, property taxes and payments on insurance against loss by fire, but must pay over the net rent received by him to his wife without any such deductions, and we so hold. The defendant had separated from his wife; had given her custody of their three minor children; had made a property settlement with his wife; had provided for the support and advanced education of his children and had conveyed to his children his home place, with a provision that his wife should live there during her life. While his wife with her children lived at this home, the defendant bound himself by the deed of separation to pay on it the property taxes, to keep it adequately insured against loss by fire, and to make such reasonable and necessary repairs as may be required to keep it in good order, ordinary wear and tear excepted. All through the deed of separation runs the clear intent of the defendant to provide support for his minor children, to give them an advanced education, and to provide for them and his wife during her life, whether subsequently divorced or not, a home in Statesville; or if his wife with her children lives elsewhere the net rent of the Statesville home without any deduction from the net rent of the cost of major repairs and upkeep, property taxes and payments on fire insurance, so that his wife might pay the rent on a home elsewhere. His wife has moved to Lexington to be nearer to the Baptist Hospital in Winston-Salem, where the defendant's son is receiving treatment. To hold that the defendant can take from the net rent received by him from the real estate agent the cost of major repairs and upkeep, property taxes and payments on fire insurance on said home place would do violence to the word *exclude* used in the deed of separation, and con-

struing the deed of separation as a whole would not effectuate the clear intent of the parties.

The plaintiff's assignments of errors to the court's conclusion of law, and the signing of the judgment are upheld, and the court's conclusion of law and the judgment below are

Reversed.