MRS. NANCY S. GOODWIN v. FRANK W. SNEPP, JR.

No. 7026SC580

(Filed 13 January 1971)

**1. Husband and Wife § 11— construction of separation agreement**

The cardinal rule for construing a separation agreement is to ascertain the intention of the parties as expressed in the language of their agreement, taking into consideration the subject matter, the end in view, and the situation of the parties at the time the agreement was made.

**2.  Husband and Wife § 11— action on separation agreement — terms of the agreement — reduction in payments — findings of fact**

In the wife's action to recover payments under a separation agreement which provided, in part, (1) that the husband was to pay the wife the sum of $500 monthly and (2) that the payments were to be modified upon a substantial reduction in the husband's income and after consideration of the circumstances of both parties, the trial judge committed error in reducing the amount of monthly payments proportionately with the reduction in the husband's income without first making findings of fact with respect to the existing circumstances of both parties; the trial judge also committed error in ordering automatic revisions in future payments upon changes in the husband's income, since such revisions will necessarily preclude the consideration of the parties' circumstances at the time of the revisions.

**3. Husband and Wife § 11— action on separation agreement — husband's unilateral action in reducing payments — findings of fact**

In the wife's action to recover payments under a separation agreement which provided that (1) the husband's payments to the wife were to be modified upon a substantial reduction in the husband's

income and after consideration of the circumstances of both parties and (2) if a modification could not be reached by negotiation the matter was to be submitted to a superior court judge for determination, the trial judge committed error in failing to consider and make a ruling on the husband's unilateral action in reducing the monthly payments from $500 to $250.

APPEAL by plaintiff from *Bryson, J.,* 1 June 1970 Schedule "B" Session of MECKLENBURG Superior Court.

On 9 September 1965 plaintiff and defendant, who were then married to each other, entered into a separation agreement which, among other provisions, contained the following:

"6. ALIMONY. (a) Husband agrees to pay to wife, as alimony the sum of $500.00 per month, payable on the first of each month.

\*     \*     \*     \*     \*

"(c) Said payments shall continue until Wife dies or remarries, or Husband dies, and shall continue notwithstanding any decree of divorce.

"(d) Wife agrees that if Husband becomes disabled from practicing his profession, or if his income is substantially reduced below its present level, the amount of alimony payable hereunder may be renegotiated in light of the then existing circumstances of the parties, and that in the event an agreement cannot be reached the matter shall be submitted to the Superior Court of Mecklenburg County, North Carolina, for determination by a judge thereof.

"(e) Except as is set out in this agreement, Husband shall have no obligation to support Wife."

On 16 March 1966 the parties were granted an absolute divorce. The present action was commenced on 13 November 1969 when plaintiff (the former wife) filed complaint in which in substance she alleged: Defendant had paid her $500.00 each month through May 1968. Since that time he has paid her $250.00 each month, despite her insistence on her right to receive monthly payments of $500.00. She is unable to support herself. Since May 1968 she has attempted in good faith to renegotiate the amount due her in the light of the existing circumstances of the parties, but could not reach an agreement with defendant. She asked the court to order defendant to pay her $500.00 month-

ly hereafter; to pay her $250.00, with interest, on account of each month from June 1968 until the date of judgment; and to grant a reasonable fee to her attorney.

Defendant answered, admitting execution of the separation agreement and that since May 1968 he had paid plaintiff $250.00 each month. In a further answer he alleged that when the agreement was entered into he was a partner in a law firm and the alimony payments were set in accordance with the income he was then receiving; that in January 1967 he began to practice as a sole practitioner and his income began to decrease; and that in July 1967 he became a judge of superior court and his income is substantially less than the income he received at the time the separation agreement was entered into. Paragraphs 5 and 6 of defendant's further answer are as follows:

"5. Because of the defendant's substantially reduced earnings and because of the plaintiff's unwillingness to enter into negotiations to reduce the alimony payments, the defendant has unilaterally reduced the payments in accordance with the provisions of Paragraph 6, Subsection (d), of the separation agreement.

"6. The defendant alleges and contends that his present earnings are approximately one-half of what they were at the time the separation agreement was executed."

Defendant prayed that plaintiff recover nothing and that her action be dismissed.

The matter was heard by Judge Bryson in Chambers. Plaintiff testified concerning her health, income, and living expenses. Insofar as pertinent to this appeal, her evidence in substance tended to show: Since the separation she has worked as a medical illustrator and has done some free-lance art work. She has also held jobs in stores over the Christmas holidays and has done some baby-sitting. She makes very little from her own labors, has no capital assets, and has had to sell some of her family furniture. She developed a slipped disc in her neck, which causes pain in her right hand, and cannot work for very long periods at a time. Her monthly budget comes to approximately $298.00, which does not include anything for doctors or emergencies or hospitalization. She couldn't get a regular job because of her arm and hand and has had to borrow money.

Defendant testified, his evidence in substance tending to show: At the time of the separation agreement in 1965 his annual income was approximately $54,000.00, and was approximately $56,000.00 in 1966. It dropped to approximately $28,500.00 in 1967 and rose to $43,000.00 in 1968. He was appointed a superior court judge in July of 1967 and was a judge for the full year of 1968. The increase in income in 1968 was due to receipt by him in that year of legal fees earned by him prior to becoming a judge. In 1969 he earned a total, including travel allowance, of approximately $25,000.00, adjusted to approximately $20,500.00 after deduction of business expenses.

At the conclusion of the hearing, Judge Bryson entered an order as follows:

"THIS CAUSE coming on to be and being heard before the undersigned Superior Court Judge; the plaintiff being present and represented by counsel and the defendant likewise being present and represented by counsel.

"The Court after hearing evidence presented by both parties, the record as filed and statements of counsel, finds the following facts:

"That plaintiff and defendant were formerly husband and wife and divorced March 26, 1966; that on the 9th day of September, 1965 they, plaintiff and defendant, entered into a separation agreement which provided, among other things:

" '6.(d) Wife agrees that if Husband becomes disabled from practicing his profession, or if his income is substantially reduced below its present level, the amount of alimony payable hereunder may be renegotiated in light of the then existing circumstances of the parties, and that in the event an agreement cannot be reached the matter shall be submitted to the Superior Court of Mecklenburg County, North Carolina, for determination by a judge thereof.'

"This the Court construes as a contract.

"The Court finds as a fact that the defendant's income has reduced by at least fifty (50%) percent and that Defendant pays plaintiff the sum of One Hundred ($100.00)

Dollars cash four weeks for the support of the two minor children of plaintiff and defendant while they are in the custody of Plaintiff.

"These findings are the pertinent ones to be considered and upon such findings it is ordered that the defendant pay the plaintiff the sum of Two Hundred and Fifty ($250.00) Dollars per month, said payment to be made upon the first day of each month and increased or decreased proportionately as salary or other income from the defendant's present salary and/or income may increase or decrease. It is likewise ordered that the defendant pay plaintiff the sum of Twenty-five ($25.00) Dollars per week during such time as the minor children of plaintiff and defendant are in the custody of plaintiff.

"It is further ordered that the defendant pay the costs of this action.

"This Order only construes the agreement as herein set out and modifies Paragraph Six (6) as stated.

"The request for attorney's fees on the part of plaintiff is denied.

"This the 9th day of June, 1970.

"s/ T. D. BRYSON, JR.
"Judge Presiding"

To the entry of this order plaintiff excepted and appealed.

*George S. Daly, Jr., for plaintiff appellant.*

*Sanders, Walker & London, by Arnold M. Stone and James E. Walker for defendant appellee.*

PARKER, Judge.

[1, 2]  The cardinal rule for construing a separation agreement, as for construing contracts generally, is to ascertain the intention of the parties as expressed in the language of their agreement, taking into consideration the subject matter, the end in view, and the situation of the parties at the time the agreement was made. *Bowles v. Bowles,* 237 N.C. 462, 75 S.E. 2d 413; 24 Am. Jur. 2d, Divorce and Separation, § 904, p. 1026. In the present case the agreement expressly provided that the husband pay the wife, as

"alimony," the sum of $500.00 on the first of each month. Such payments are to continue until the wife dies or remarries or until the husband dies, none of which events has occurred, and are to continue notwithstanding any decree of divorce. The only language in the agreement relating to any change in the amount of the monthly payments is contained in paragraph 6(d), which is as follows:

> "(d) Wife agrees that if Husband becomes disabled from practicing his profession, or if his income is substantially reduced below its present level, the amount of alimony payable hereunder may be renegotiated in light of the then existing circumstances of the parties, and that in the event an agreement cannot be reached the matter shall be submitted to the Superior Court of Mecklenburg County, North Carolina, for determination by a judge thereof."

This language contemplates a modification in the amount of the monthly payments if the husband's income is substantially reduced, but then only after consideration of the circumstances of *both* of the parties. In such event, if agreement cannot be reached by renegotiation, the matter is to be submitted to a judge of Superior Court of Meckenburg County for determination.

From an examination of the order appealed from, it would appear that the trial judge reduced the amount of the monthly payments proportionately with the reduction he found in defendant's income and in so doing failed to make findings with respect to the existing circumstances of both parties. This was one of the facts at issue. The trial court also committed error in making the provision in the order calling for future revisions proportionate to changes in the salary or other income of the defendant, since necessarily such automatic revisions will fail to take into account the circumstances of both parties at the time the revisions occur.

[3] The trial judge also failed to consider and make a ruling on the effect of the unilateral reduction in payments from $500.00 per month to $250.00 per month by the defendant. This unilateral reduction began 1 June 1968 and continued up to the time of the hearing. The separation agreement provided the machinery for modification of the amount payable. While it appears that the defendant attempted to negotiate the amount

under the terms of the agreement, once it became obvious that the attempt at negotiation would be unsuccessful the defendant took it upon himself to modify the agreement rather than submit it to a judge of the Mecklenburg Superior Court as the agreement provides. Nothing in the separation agreement gives either party the right to make changes by unilateral action without the consent of the other. The trial judge must consider and decide this claim of the plaintiff for the balance of the amount due under the agreement from 1 June 1968 until the time of the hearing.

For the reasons stated, the order appealed from is reversed and this case is remanded for reconsideration in the light of this opinion.

Reversed and remanded.

Chief Judge MALLARD and Judge HEDRICK concur.