JAMES B. ZUCCARELLO v. EARLINE OWEN ZUCCARELLO

No. 7219DC168

(Filed 23 February 1972)

**Divorce and Alimony § 23— child support — separation agreement — order by court**

Where the parties entered into a separation agreement requiring plaintiff to pay defendant $400 per month on a $36,000 note and $600 per month for child support, and there was evidence that the total payment of $1,000 per month was intended by the parties to be for child support, the trial court's order that plaintiff pay $1,000 per month for child support did not alter the separation agreement but merely required plaintiff to pay the amount that he had agreed to pay.

APPEAL by plaintiff from *Walker, Judge,* 27 September 1971 Session of District Court, CABARRUS County.

The parties hereto were married in 1958. Two children were born of the marriage, one in 1960 and the other in 1963. The parties separated in March 1969 and entered into a separation agreement in December 1969. On 14 September 1970, husband in an uncontested divorce action, obtained an absolute divorce from defendant. The judgment entered in that action did not refer to the separation agreement nor did it in any way provide for the custody or support of the minor children of the parties.

On 17 May 1971, defendant filed a motion in the cause asking for custody of the children, support for them, and attorneys' fees. The separation agreement was attached to the motion as "Exhibit A." Plaintiff answered denying that he was in arrears in any payments due under the separation agreement and asking that the $400 monthly payments provided for in the separation agreement be judicially determined to constitute alimony.

A hearing was had at which both plaintiff and defendant testified before the court without a jury. In the record it is stipulated that no stenographic record of the evidence was made.

The court made findings of fact and ordered plaintiff to pay defendant for child support $1,000 per month until further orders of the court. He also ordered plaintiff to pay a certain amount for attorneys' fees and fixed the custody of children in defendant with stated visitation rights in plaintiff. Plaintiff appeals from the entry of the order.

*Webster S. Medlin for plaintiff appellant.*

*Hartsell, Hartsell and Mills, by W. Erwin Spainhour, for defendant appellee.*

MORRIS, Judge.

The separation agreement between the parties provided that plaintiff had "simultaneously with the execution of this agreement, delivered to Earline Owen Zuccarello a note for the sum of Thirty-six Thousand Dollars ($36,000.00) due and payable at the rate of Four Hundred Dollars ($400.00) per month without interest, which note shall be secured by a second mortgage deed of trust to William L. Mills, Jr., Trustee, covering a one-half (½) undivided interest in Lots Nos. 1 and 2 of the Harry A. Martin and Lee A. Martin Subdivision . . . and the assignment of an insurance policy upon the life of James B. Zuccarello for the sum of not less than Twenty-five Thousand Dollars ($25,000.00)." An additional provision was "That James B. Zuccarello shall pay to Earline Owen Zuccarello on or before the 15th day of each month, beginning with January, 1970, the sum of Six Hundred Dollars ($600.00) [Three Hundred Dollars ($300.00) for each child] for the support of Jan Owen Zuccarello and James Bennett Zuccarello III, and on the 15th day of the month following each child's thirteenth (13th) birthday, James B. Zuccarello shall increase the payment for the respective child to Three Hundred Seventy-Five Dollars ($375.00) per month and shall thereafter continue to make such payments in such amount until the child shall have completed her or his education or otherwise become emancipated; and that James B. Zuccarello shall carry hospitalization insurance and shall be responsible for all extraordinary or unusual expenses which may arise in regard to the health and education of his minor chil-

Zuccarello v. Zuccarello

dren, Jan Owen Zuccarello and James Bennett Zuccarello III."
Title to the house in which the parties lived and title to an automobile were transferred to defendant, and she agreed to assume the monthly payments on the indebtedness due on each. The agreement provided that defendant should have the custody and control of the children provided that they might visit with plaintiff at such times as might be mutually agreed between the parties.

At the hearing defendant testified that the children, then 11 and 8 years of age, had been with her since the separation; that she never worked at public work during her marriage with the exception of helping the plaintiff at his dental office for a short period of time; and that "The plaintiff and I contemplated that the monthly expenses for supporting our children on a standard to which they had been accustomed would amount to approximately One Thousand Dollars ($1,000.00) per month. We contemplated that it would take the money provided for the children in the separation agreement, as well as the money which the plaintiff agreed to pay me on the note in the separation agreement, to provide for our children. . . . " Defendant introduced expenses for the months of June, July and August, 1971. Expenses for June were $1,011.89; for July, $599.07; and for August, $1,081.86. She explained that she and the children had spent the month of July with her parents in Tennessee which accounted for the difference in that month and the other months. The plaintiff's gross income in 1970 was between $70,000 and $75,000. He showed for the year 1969 in a joint return a taxable income of only $17,960 and claimed over $5,000 in depreciation. We note that in December of 1969 he executed the agreement under which he agreed to pay defendant $1,000 per month. Plaintiff is the sole shareholder in P.M.S. Laboratory, Inc., to which he paid $11,000 lab fees in 1969. We note also that the tax return shows a deduction for rent in the amount of $3,245 and that plaintiff's office was maintained in a building in which he owned one-half interest, and further, that the net taxable income from that building to the owners was $1,134.01 after a depreciation deduction of $1,959.82. Defendant testified that since her separation from plaintiff she had worked on a part-time basis as a kindergarten teacher from which she received an income of between $150 and $160 per month and further "I have no other income."

Zuccarello v. Zuccarello

Plaintiff testified that for the year 1968 his net income was $20,000; for 1969, $17,000; for 1970, $26,000; that he owned one-half undivided interest in the clinic building in which he maintained his office which was encumbered by two deeds of trust, one of which was "to secure the separation agreement" and that payments on the note secured by the other deed of trust were in arrears; that he owned a lot at Beech Mountain but that payments on that were not in arrears; that he had to purchase the lot to maintain his membership in the ski lodge; that he was delinquent in his income tax payments since 1 January 1970 in the total amount of some $15,000; that his monthly obligations totaled $2,620.10; that he had been advised that he was insolvent; that he lived in an apartment in Charlotte for which he paid $150 per month and commuted daily to Concord to his office.

The court made findings of fact, and upon those findings certain conclusions of law, upon which its judgment was based. Those findings and conclusions pertinent to this appeal, renumbered, are as follows:

FINDINGS OF FACT:

1. "That there has never been an Order entered in this cause by the court related to the custody and support of the infant children born of the marriage."

2. "That prior to the institution of this action for divorce, the plaintiff entered into a separation agreement with the defendant whereby the plaintiff, James B. Zuccarello, agreed, among other things:

(a) To pay the defendant, Earline Owen Zuccarello, the sum of Six Hundred Dollars ($600.00) per month for the support and maintenance of Jan Owen Zuccarello and James Bennett Zuccarello III; and

(b) To execute and deliver to the defendant, Earline Owen Zuccarello, a note for the sum of Thirty-six Thousand Dollars ($36,000.00) due and payable at the rate of Four Hundred Dollars ($400.00) per month."

3. "That it was contemplated by the parties at the time of the execution of the separation agreement that the monthly

expenses for supporting the infant children on a standard to which they had been accustomed would take approximately One Thousand Dollars ($1,000.00) per month."

4. "That the plaintiff, James B. Zuccarello, paid the defendant, Earline Owen Zuccarello, the total sum of One Thousand Dollars ($1,000) per month for the period from December, 1969, through May, 1971, including the payments on the Thirty-six Thousand Dollar ($36,000.00) note; the sum of Six Hundred Dollars ($600.00) from January 1 through August 31; and the sum of Two Hundred Dollars ($200.00) for the month of September."

5. "That the monthly expenses of the defendant, Earline Owen Zuccarello, for the month of June, 1971, in connection with the support and maintenance of the infant children, including house payments, maintenance on the dwelling occupied by the children, telephone, lights, water, country club expenses, food, medical expenses, drugs, clothing, camping activities, automobile expenses, school materials, sundries and other essential miscellaneous items cost One Thousand Eleven Dollars Eighty-nine Cents ($1,011.89); that said expenses for the month of July, 1971, amounted to Five Hundred Ninety-nine Dollars Seven Cents ($599.07) and that said expenses for the month of August, 1971, amounted to One Thousand Eighty-one Dollars Eighty-six Cents ($1,081.86)."

6. "That the defendant, Earline Owen Zuccarello, and her infant children spent most of July, 1971, with the defendant's parents in Pulaski, Tennessee, which accounts for the reduction in the expenses for the month of July, 1971."

7. "That the plaintiff, James B. Zuccarello, has failed to comply with the terms and provisions of the separation agreement, that the payments for child support are now in arrears in the sum of Four Hundred Dollars ($400.00) and payments on the note are now in arrears in the sum of One Thousand Six Hundred Dollars ($1,600.00)."

8. "That the infant children have been provided for in the same manner and on the same standard as to which they became accustomed prior to the separation and divorce of the plaintiff from the defendant."

9. "That without regard to the terms and provisions of the separation agreement between the plaintiff, James B. Zuccarello, and the defendant, Earline Owen Zuccarello, the minimum sum of One Thousand Dollars ($1,000.00) per month is necessary to support the infant children, Jan Owen Zuccarello and James Bennett Zuccarello III, in the same manner and on the same standard to which they became accustomed prior to the separation and divorce of the plaintiff from the defendant."

10. "That the plaintiff, James B. Zuccarello, is a dentist specializing in full-mouth rehabilitation."

11. "That the gross annual income of the plaintiff, James B. Zuccarello, is between Sixty-five Thousand Dollars ($65,000.00) and Seventy Thousand Dollars ($70,000.00) and the plaintiff himself testified that his net income for the year 1968 before taxes was Twenty Thousand Dollars ($20,000.00), that his net income before taxes for the year 1969 was Seventeen Thousand Dollars ($17,000) and that his net income before taxes for the year 1970 was Twenty-six Thousand Dollars ($26,000.00)."

12. "That the plaintiff, James B. Zuccarello, owns a one-half (½) undivided interest in a clinic, which interest is worth between Fifteen Thousand Dollars ($15,000.00) and Twenty Thousand Dollars ($20,000.00)."

13. "That the plaintiff, James B. Zuccarello, is making monthly payments in the sum of Fifty-five Dollars Twenty-two cents ($55.22) on a vacant lot at Beech Mountain, the original cost of which was Four Thousand Dollars ($4,000.00), and the exact value of which is unknown."

14. "That the plaintiff's present monthly obligations and regular payments include payments on the separation agreement in the sum of One Thousand Dollars ($1,000.00), principal and interest payment on notes in the sum of One Thousand Three Hundred Five Dollars Eighty-eight Cents ($1,305.88), rent on his apartment in the sum of One Hundred Fifty Dollars ($150.00), payments on the lot at Beech Mountain in the sum of Fifty-five Dollars Twenty-two Cents ($55.22), country club dues in the sum of Forty Dollars ($40), and insurance premiums in the sum of Sixty-nine Dollars ($69.00)."

15. "That the plaintiff, James B. Zuccarello, lives in an apartment in the City of Charlotte, North Carolina, for which he pays a monthly rental of One Hundred Fifty Dollars ($150.00) and from which he commutes to his office in Concord, North Carolina, for a distance of between twenty (20) and twenty-five (25) miles."

16. "That the plaintiff, James B. Zuccarello, is an able-bodied man in good health, capable of working regularly."

17. "That the plaintiff, James B. Zuccarello, is able and capable of supporting his infant children in the same manner and on the same standard as to which they were accustomed prior to the separation and divorce of the plaintiff from the defendant."

18. "That the defendant, Earline Owen Zuccarello, did not work at public work prior to the separation of the plaintiff from the defendant; and that since the plaintiff divorced the defendant, the defendant has been working on a part-time basis as a kindergarten teacher and that her average monthly pay has been between One Hundred Fifty Dollars ($150.00) and One Hundred Sixty Dollars ($160.00) per month."

CONCLUSIONS OF LAW:

1. "That the defendant is entitled to an Order establishing the sum which the plaintiff, James B. Zuccarello, shall be required to pay for the support and maintenance of his infant children, Jan Owen Zuccarello and James Bennett Zuccarello III."

The court thereupon ordered that plaintiff pay $1,000 per month for the support and maintenance of the children born of the marriage. Although plaintiff assigns as error the findings of fact, the conclusions of law, and the entry of the judgment, he argues only with respect to the amount of child support and does not refer in his argument or in his brief to any finding or conclusion with respect to custody, visitation privileges, or counsel fees. We have, therefore, omitted those portions of the judgment from consideration.

Plaintiff concedes that the separation agreement cannot deprive the courts of their inherent authority to protect the interests of infants but takes the position that the court failed to

Zuccarello v. Zuccarello

find sufficient facts of changed conditions upon which to increase the amount of child support from that set out in the separation agreement. Plaintiff relies on *Goodwin v. Snepp,* 10 N.C. App. 304, 178 S.E. 2d 231 (1971) ; *Rabon v. Ledbetter,* 9 N.C. App. 376, 176 S.E. 2d 372 (1970) ; and *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963), for his argument that where parties to a separation agreement agree with respect to support and maintenance of their minor children, there is a presumption that those provisions are just and reasonable, and the court may not alter them absent evidence of a change in conditions. Each of those cases is factually distinguishable from the case sub judice.

In this case, the court found as a fact that no order had ever been entered relating to the custody and support of the children. This finding cannot be controverted on the record.

There is evidence that when the separation agreement was entered into, the $400 and $600 monthly payments were intended to be child support. Defendant so testified. The inference is clear from plaintiff's pleadings and testimony. He says in his answer that he would like the court now to determine the $400 monthly payments to be alimony. He also says that he had not been able to get the taxing authorities to allow him a deduction for alimony payments but the $400 had been considered child support. The defendant testified without equivocation that *she* had no other income than the amount she earned as a kindergarten teacher. The clear inference is that the total payment of $1,000 per month was intended to be child support.

We think the end result is that the court simply ordered the plaintiff to pay in child support exactly what he had agreed to pay for the support of his children. The findings of fact are supported by competent evidence and are sufficient to support the conclusions of law which do support the judgment. When this situation obtains, the judgment must be affirmed. *Little v. Little,* 9 N.C. App. 361, 176 S.E. 2d 521 (1970).

Affirmed.

Chief Judge MALLARD and Judge PARKER concur.