MARY S. W. BIRD v. ALLEN GILLIAM and wife.

(Decided October 18, 1898).

*Petition to Rehear—Undevised Interest in Land.*

1. *Filing* and *docketing* in reference to petitions to rehear are not convertible terms, but mean different things, as used in Rules 52 and 53 published in 119 N. C., 929.
2. The petition is said to be *filed* when it is received by the Clerk, and this must be done within 20 days, at farthest, from the beginning of the next Term; it is docketed when the Clerk enters it upon the records at the order of the Justice, who grants the rehearing.
3. An undevised interest in land descends to the heirs at law of the testator and may be conveyed by deed.

PETITION to rehear case determined at September Term, 1897, reported in 121 N. C., 326, where the facts are stated. The petition is filed by the defendants and brings to the attention of the Court certain mistakes in the record, which are adverted to in the opinion of Justice MONTGOMERY; it likewise calls attention to the fact, that whatever interest in the land was not disposed of by the will of John Swain descended to his children Mary and William Swain, his only heirs at law, and that when William conveyed to Mary, the remainder in fee by inheritance was joined with the life estate by devise, and her deed conveyed to defendant, Allen Gilliam, a fee simple, and left no estate in her to descend to her neice, the plaintiff.

*Mr. R. B. Peebles*, for petitioners.
*Mr. F. D. Winston*, contra.

MONTGOMERY, J.: This case is before the Court upon a petition (granted) to rehear it. A motion was entered

by the counsel of the appellant to dismiss the petition upon the alleged ground that it was not filed in time under the Rules of this Court.

His contention was that the words *filing* and *docketing* as they appear in connection with petitions to rehear cases under our Rules are convertible terms, meaning one and the same thing. A reading of Rules 52 and 53 published in 119 N. C., beginning at page 929, will show that they are entirely different things. Rule 52 requires the petition to be *filed* at the same term or during the vacation succeeding the term of the court at which the judgment was rendered, or within 20 days after the commencement of the succeeding term. It appears in that rule also that the Justice to whom the petition is submitted orders the docketing of the petition in cases wherein it is granted. Under Rule 53, the petition is required to be sent to the Clerk of this Court "who shall endorse thereon the time when it was received and deliver the same to the Justice designated by the petitioner, who shall be a Justice who did not dissent from the opinion; but the petition shall not be *docketed* unless said Justice shall endorse thereon that the case is a proper one to be reheard; and notice of the action had shall be given to the petitioner by the Clerk of this Court, and if *docketed* to the opposite party also." The petition is said to be *filed* when it is received by the Clerk; it is *docketed* when the Clerk enters it upon the records at the order of the Justice who grants the rehearing. The opinion was delivered at the September Term, 1897, and the next succeeding Term was begun on the first Monday in February, 1898—the 7th day of the month. The petition was filed (received by the Clerk) on Sunday, February 27, 1898. It was filed in time. The first day of the period allowed is to be ex-

cluded from the count, and the last also, because it was Sunday; and this brings the filing within the time limited. The motion must therefore be disallowed and the petition heard on its merits. *Barcroft* v. *Roberts*, 92 N. C., 249.

Upon the original hearing of the case the only matter for decision was the construction of a clause in the will of John Swain, which was in the following words: "After all my debts are paid the land whereon I now live and in my possession I leave to my wife during her natural life, and at her death I leave the same land to my daughter Mary during her natural life and give the same land to the heirs of her body, but if my daughter Mary should have no lawful heirs of her body the said land at her death shall go back to my son William and the heirs of his body."

The appeal having been taken in *forma pauperis* the record was not printed. In looking into the written record we found in a statement of facts agreed upon and signed by the counsel of both plaintiff and defendant one in the following terms: "That Mary Susan Whitaker Bird, who is the same person as Mary Susan Whitaker, named in the summons, is the sole surviving heir at law of John Swain, the testator named in said will, and of Mary Swain and William Swain in said will, and she is also their next of kin." Upon a re-examination of the record, brought about by a statement in the petition to rehear the case, we find another admitted fact not contained in the first statement of facts agreed, in these words: "It is admitted that Mary Swain and William Swain were the only children of John Swain and that Mary Susan Whitaker Bird who was living at the time the will was made was the niece of the said

123—5

John Swain and a first cousin of Mary Swain and William Swain and that John Swain had no other nieces or nephews." This admitted fact is entirely separate from the others and was made and agreed upon after the first statement of facts agreed was signed by counsel, as we were informed by counsel on the argument upon the rehearing. On the first hearing it escaped our notice, and quite naturally we think. It now being apparent that upon the death of John Swain, the testator, William and Mary were his only children surviving him, they were as matter of law his only heirs at law notwithstanding the statement in the agreed facts that Mary, a niece, was in that relation to him.

It follows, therefore, that whatever estate remained undisposed of by the will of John Swain descended to Mary and William his only children and heirs at law, and that the deed from William to Mary and from Mary to defendant passed a fee simple interest in the land mentioned in the will to the defendant Allen Gilliam.

There was error in the former judgment and opinion of this Court, and the judgment of the Court below is affirmed.

Affirmed.