EARNESTINE GOFF HARDBARGER, ADMINISTRATRIX OF THE ESTATE OF DAVID MICHAEL GOFF, DECEASED v. HARLAN M. DEAL AND MRS. J. R. McNAIRY, T/A McNAIRY'S DRUG STORE; THE REXALL COMPANY; THE REXALL DRUG AND CHEMICAL COMPANY AND THE REXALL DRUG COMPANY.

(Filed 31 October 1962.)

**1. Death § 4—**

The two year statute of limitations applies to an action to recover for wrongful death. G.S. 1-53(4), G.S. 28-173.

**2. Time—**

In computing the time in which an act may or must be performed, the first day must be excluded and the last day included, and if the last day is a Sunday or a legal holiday the time is extended to the next secular day, G.S. 1-593, regardless of whether the limitation is expressed in months, years, or days.

**3. Holidays—**

Construing G.S. 103-4, G.S. 103-5, and G.S. 2-24 *in pari materia*, where the county commissioners have stipulated by resolution, that Easter Monday should be a holiday observed by the court house and county employees, Easter Monday is a legal holiday in such county, notwithstanding it is not designated a State-wide holiday by G.S. 103-4.

**4. Statutes § 5—**

As a general rule, statutes *in pari materia* are to be construed together and harmonize, if possible, so as to give effect to each as a part of a harmonious body of legislation.

**5. Death § 4;   Limitation of Actions § 4—**

Where the date which is two years from the death of intestate is Easter Monday, which is a holiday for county employees in the county in which the action is instituted, the cause of the action is not barred if instituted on the day following Easter Monday.

APPEAL by plaintiff from *Froneberger, J.,* March-April 1962 Civil Term of CALDWELL.

The judgment entered below, after recitals, provides:

"And the case having been called for trial.

"And it appearing to the Court from stipulations of Counsel and from other evidence introduced that the following are the facts with reference to the question of the Statute of Limitations, and the Court finding the following to be the facts:

"(1) That this is an action for damages for alleged wrongful death which was instituted on April 4, 1961, with the filing of a Summons without Complaint in the Office of the Clerk of Superior Court for Caldwell County.

"(2) That the Complaint when later filed sought damages for al-

leged wrongful death of the plaintiff's intestate.

"(3) That the death of the plaintiff's intestate occurred on April 3, 1959.

"(4) That the two-year Statute of Limitations, G.S. 1-53, is the applicable Statute.

"(5) That Monday, April 3, 1961, was Easter Monday.

"(6) That on the 4th day of June, 1956, the County Commissioners of Caldwell County adopted a Resolution having to do with the holiday status of Easter Monday and the closing of the Courthouse in Caldwell County, which Resolution appears of record.

"(7) That the Office of the Clerk of Superior Court was closed on Monday, April 3, 1961; the Clerk and his deputies were not in their office that day but would have been willing, if called upon, to perform any of their legal duties, including the issuance of Summons. One of the deputies lives in Lenoir, and the Clerk lives 11 miles from town.

"(8) That all the defendants have been present within the State and subject to service of process at all times since April 3, 1959, the date of the death of the child.

"(9) That all of the defendants have duly pleaded that the action is barred by the two-year Statute of Limitations, G.S. 1-53.

"And the Court being of the opinion under these facts that the action is barred by the two-year Statute of Limitations;

"IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED that this action be, and the same is hereby dismissed, and that the plaintiff pay the costs to be taxed herein."

Plaintiff excepted and appealed.

*Ted G. West and W. C. Palmer for plaintiff appellant.*

*Fate J. Beal for defendants Harlan M. Deal and Mrs. J. R. Mc-Nairy, t/a McNairy's Drug Store, appellees.*

*Townsend & Todd, Helms, Mulliss, McMillan & Johnston and E. Osborne Ayscue, Jr., for defendants Rexall, appellees.*

BOBBITT, J. The sole question is whether, upon the facts set forth in the judgment, plaintiff's action is barred by the statute of limitations.

The two-year statute of limitations applies to plaintiff's alleged cause of action. G.S. (Vol. 1A) 1-53(4); G.S. (Vol. 2A) 28-173, as amended by Ch. 246, Session Laws of 1951; *McCrater v. Engineering Corp.*, 248 N.C. 707, 708, 104 S.E. 2d 858; *Stamey v. Membership Corp.*, 249 N.C. 90, 94, 105 S.E. 2d 282; *Hall v. Carroll*, 253 N.C. 220, 116 S.E. 2d 459.

"The time within which an act is to be done, as provided by law,

shall be computed by excluding the first and including the last day. If the last day is Saturday, Sunday or a legal holiday, it must be excluded." G.S. (Vol. 1A) 1-593, as amended by Ch. 141, Session Laws of 1957.

G.S. 1-593 has been applied in these cases: Where an appellant was required to serve case on appeal within thirty days from June 5th and July 5th was Sunday, this Court held that service on July 6th was sufficient compliance. *Lumber Co. v. Rowe,* 151 N.C. 130, 65 S.E. 750. Where it was required that a petition to rehear be filed "within twenty days after the commencement of the succeeding term," and the twentieth day was Sunday, this Court held the petition was filed within the time limit. *Barcroft v. Roberts,* 92 N.C. 249; *Bird v. Gilliam,* 123 N.C. 63, 31 S.E. 267; also, see *Guano Company v. Hicks,* 120 N.C. 29, 26 S.E. 650. No decision of this Court applying G.S. 1-593 to the computation of the time limited for the commencement of an action has come to our attention. Nor does it appear that this Court has considered whether G.S. 1-593 is applicable when the limitation is expressed in months or years rather than in days.

We are in accord with the views expressed and conclusion reached in *Johnston v. New Omaha Thomson-Houston E. L. Co.* (Neb.), 125 N.W. 153, namely, that it "was intended by the Legislature to put an end to all confusion and uncertainty by adopting a uniform rule for the computation of time, alike applicable to matters of mere practice and to the construction of statutes, and that it applies to the computation of time, whether the time to be taken into account is days, months, or years, and that where an act is to be done, or is permitted to be done, within a specified time, and the last day is Sunday, it shall be excluded, and the act may be done on the following day."

In accord with *Johnston,* the majority view, which we adopt, is that "if the last day of a period of limitation for commencing an action falls on a Sunday or on a legal holiday, the period is extended and the action may be commenced on the following secular or business day." 86 C.J.S., Time § 14(9), and cases cited; *Elmore v. Fanning* (Kan.), 117 P. 1019; *Rochester v. Tulp* (Wash.), 337 P. 2d 1062; *Poetz v. Mix* (N.J.), 81 A. 2d 741; *Brembry v. Armour & Company* (Iowa), 95 N.W. 2d 449; *Wooten v. State Compensation Commissioner* (W. Va.), 95 S.E. 2d 643; *Smith v. Pasqualetto* (U.S.C.A. 1st), 246 F. 2d 765; *Associated Transport v. Pusey* (Del.), 118 A. 2d 362. Decisions *contra* include *Geneva Cooperage Co. v. Brown* (Ky.), 98 S.W. 279, and *Fulghum v. Baxley* (Tex. Civ. App., Dallas), 219 S.W. 2d 1014, cited by defendants. See Annotation, "Inclusion or exclusion of first and last day for purposes of statute of limitations," 20 A.L.R. 2d 1249, 1258, where decisions bearing upon whether the last day of a

period of limitation should be extended to the following day where such last day falls upon either a Sunday or a holiday are collected and discussed.

Excluding April 3, 1959, the day plaintiff's intestate died, April 3, 1961, was the last day of the two-year period. Hence, plaintiff's action is barred unless the period of limitation was extended to Tuesday, April 4, 1961, because April 3, 1961, Easter Monday, had the status of "a legal holiday."

In addition to G.S. 1-53(4) and G.S. 1-593, the statutory provisions set forth below are pertinent.

In G.S. 103-4 certain specified days "are declared to be public holidays," and a proviso declares "that Easter Monday and the thirtieth day of May shall be holidays for all State and national banks only." This statutory provision relates to state-wide public holidays.

G.S. 103-5 provides: "Where the day or the last day for doing an act required or permitted by law to be done falls on Sunday or on a holiday the act may be done on the next succeeding secular or business day and where the courthouse in any county is closed on Saturday or any other day by order of the board of county commissioners of said county and the day or the last day required for filing an advance bid or the filing of any pleading or written instrument of any kind with any officer having an office in the courthouse, or the performance of any act required or permitted to be done in said courthouse falls on Saturday or other day during which said courthouse is closed as aforesaid, then said Saturday or other day during which said courthouse is closed as aforesaid shall be deemed a holiday; and said advance bid, pleading or other written instrument may be filed, and any act required or permitted to be done in the courthouse may be done on the next day during which the courthouse is open for business."

The proviso in G.S. 2-24 declares "that the clerk's office in the respective counties may observe such office hours and holidays as authorized and prescribed by the board of county commissioners for all county offices."

By resolution adopted June 4, 1956, referred to in the court's sixth finding of fact, the Board of County Commissioners of Caldwell County "voted to set the following Holidays to be observed by the Court House and County Employees. HOLIDAYS . . . 2. Easter Monday — When this falls on the first Monday, the Board will meet on Tuesday. . . ."

"The matter is one of statutory construction . . ." *Poetz v. Mix, supra.*

Easter Monday is not designated a state-wide public holiday in G.S. 103-4. The Board of Commissioners of Caldwell County by

resolution of June 4, 1956, designated Easter Monday of each year as a holiday "to be observed by the Court House and County Employees" and pursuant thereto the clerk's office was closed on Easter Monday, April 3, 1961. Where the courthouse is closed pursuant to the order of the board of county commissioners, G.S. 103-5 expressly provides that "any act required or permitted to be done in the courthouse may be done on the next day during which the courthouse is open for business." Certainly, the institution of a suit is an act "required or permitted to be done in the courthouse."

"Statutes *in pari materia* are to be construed together, and it is a general rule that the courts must harmonoize such statutes, if possible, and give effect to each, that is, all applicable laws on the same subject matter should be construed together so as to produce a harmonious body of legislation, if possible." *Blowing Rock v. Gregorie*, 243 N.C. 364, 371, 90 S.E. 2d 898; *Justice v. Scheidt, Commissioner of Motor Vehicles*, 252 N.C. 361, 363, 113 S.E. 2d 709; *Faizan v. Insurance Co.*, 254 N.C. 47, 53, 118 S.E. 2d 303; *Coach Lines v. Brotherhood*, 254 N.C. 60, 68, 118 S.E. 2d 37.

When the cited statutes are so considered and construed, it is our opinion, and we so decide, that, by reason of the closing of the clerk's office in Caldwell County on Easter Monday, April 3, 1961, pursuant to resolution adopted June 4, 1956, by the board of county commissioners, in which Easter Monday was designated a holiday, the plaintiff, if otherwise entitled to commence her action on Monday, April 3, was entitled to commence her action on the next day the courthouse was open for business, to wit, on April 4, 1961. As stated in *Rochester v. Tulp, supra*: "The statute of limitations, although not an unconscionable defense, is not such a meritorious defense that either the law or the facts should be strained in aid of it."

Here, as in the court below, the question considered and decided is whether, based solely on the facts set forth in the judgment, plaintiff's action is barred by the two-year statute of limitations. Being of opinion these facts are insufficient to constitute a bar to plaintiff's action, the judgment of the court below is deemed erroneous and is vacated. Whether, as suggested by defendants Rexall, plaintiff's action is barred on account of matters not covered by the findings on which the court's judgment was based, will be for consideration at the next hearing in the superior court.

Error and remanded.