ANDERSON v. ANDERSON

[101 N.C. App. 682 (1991)]

GEORGIA ANDERSON, PLAINTIFF v. WILLIAM LEE ANDERSON, JR., WILLIAM LEE ANDERSON, SR., AND KATHERINE W. ANDERSON, DEFENDANTS

No. 9026DC148

(Filed 19 February 1991)

1. Trusts § 19 (NCI3d)— marital home—parol resulting trust— existence of agreement properly considered—insufficient evidence

In an action by plaintiff wife to establish a parol resulting trust in the marital home which was titled in the names of the husband's parents, the trial court did not err in considering whether the parties had an agreement since plaintiff could establish a resulting trust by showing that a promise to pay the mortgage and other expenses served as consideration when the parents took title. However, plaintiff's evidence that, after she and her husband moved into the house, they made monthly payments in the amount of the mortgage payments to the husband's father and paid taxes, insurance, and maintenance expenses for the property was insufficient to establish a resulting trust in the property since all of plaintiff's evidence related to money transactions that occurred after title had passed to the husband's parents.

Am Jur 2d, Trusts §§ 196, 198, 628, 639.

2. Landlord and Tenant § 2 (NCI3d)— agreement between husband and wife and husband's parents—no parol resulting trust—lease arrangement

Evidence was sufficient to support the trial court's finding that the agreement between plaintiff wife, defendant husband, and defendant parents of the husband, if at all, was a "lease arrangement" where defendant father testified that his son and plaintiff were to pay him rent and that he allowed them to live in the house as long as it cost him no out-of-pocket expenses; he testified that he never agreed with them that the house would be theirs once his mortgage was paid; plaintiff testified that the checks she wrote for the mortgage and taxes were payable directly to defendant father and not to the bank or taxing authority; she also testified that she had on occasion written the word "rent" on the check she sent to defendant father; and plaintiff acknowledged that she had previously con-

ANDERSON v. ANDERSON

[101 N.C. App. 682 (1991)]

sented to the entry of a court order reciting that she was renting the house from defendant father.

**Am Jur 2d, Landlord and Tenant § 11; Trusts §§ 196, 198, 639.**

APPEAL by plaintiff from order entered 14 November 1989 by *Judge Richard D. Boner* in MECKLENBURG County District Court. Heard in the Court of Appeals 18 September 1990.

Plaintiff commenced this civil action on 9 February 1989 against her husband, William Lee Anderson Jr., seeking, among other things, a divorce from bed and board and an emergency order under G.S. 50B-2. Plaintiff and William Lee Anderson Jr. were married on 5 May 1977, and during their marriage had three daughters. Defendant William Anderson Jr. adopted plaintiff's two sons by a former marriage.

Sometime before July 1978, defendant William Anderson Sr. paid to move a house to an empty lot he owned in Charlotte. He also took out a mortgage to improve the house after it was moved to the new location. Mr. Anderson Sr. testified that he had put the lot in his son's name for "tax purposes." He also testified that when he bought the house to move on the lot, his son deeded the land back to him. The parties presented no evidence about when they obtained the lot and the evidence is conflicting as to whether it was titled in the name of Mr. Anderson Jr. or Mr. Anderson Sr. when Mr. and Mrs. Anderson Jr. were first married.

In July 1978 Mr. and Mrs. Anderson Jr. moved into this house and lived there with their children until they separated on 5 February 1989. The parties agreed that Mr. and Mrs. Anderson Jr. would pay $126 to Mr. Anderson Sr. each month to cover the mortgage payments Mr. Anderson Sr. had to make on the property. Mr. and Mrs. Anderson Jr. also agreed to pay taxes and insurance and to make some repairs. The evidence is conflicting as to whether the parties agreed that Mr. and Mrs. Anderson Jr. would own the house once the mortgage was paid.

In her complaint filed 9 February 1989, plaintiff requested that the court order Mr. Anderson Jr. to vacate the parties' marital home under G.S. 50B-2. By consent order entered 27 February 1989 the court allowed plaintiff and the children to continue to

occupy the residence. On 1 May 1989 the court entered a revised consent order which allowed plaintiff to remain in the home with the children if she paid $126 per month to Mr. Anderson Sr. Mr. and Mrs. Anderson Sr. then filed a motion requesting that the court order plaintiff and the children to vacate the marital home. At the hearing on the motion, plaintiff claimed for the first time to have an equitable interest in the home through a parol resulting trust. The trial court granted defendants' motion because there was no written lease, no "commitment" in prior orders that required allowing the plaintiff to remain in the house, and no resulting trust. Plaintiff appeals.

*Grandy & Martin, by Kenneth C. Martin, for plaintiff-appellant.*

*Wishart, Norris, Henninger & Pittman, P.A., by William H. Elam, for defendant-appellees.*

EAGLES, Judge.

[1] We first consider plaintiff's contention that the trial court erred in restricting its findings of fact to the existence or nonexistence of an agreement. We hold that the trial court did not improperly restrict its findings of fact and did not err in considering whether the parties had an agreement.

At the end of the hearing the trial judge made the following statement:

[T]he arrangement, if any, was in the nature of a lease of the property. I cannot find from the evidence that there was — by preponderance of the evidence that there was any agreement either implied or otherwise or expressed that title of the property or any interest in the property would lie in the plaintiff and the defendant husband.

In its order the trial court found:

[T]he title to the real estate is in the name of William Anderson, Sr. and wife Katherine W. Anderson; that William Anderson, Sr. caused a residence to be moved to a vacate [sic] lot which he purchased with his own funds; that he and other members of his family made certain repairs on the home; and that a lease arrangement was allowed whereby the Plaintiff and William Anderson, Jr. lived in said home for a lease payment, consisting of, among other items, $126.00 per month, payment

of the taxes and insurance and making some of the repairs. Mr. Anderson Sr. has made a number of payments and a number of repairs himself. The Plaintiff has only made rental payments of $126.00 since the time that this lawsuit was instituted and has failed, since February of 1989, to make any payment or contribution toward taxes, insurance or repairs and maintenance. The Court finds that there is no resulting trust. The relationship between the parties was a "pass through" relationship; that is, the Plaintiff and the younger Mr. Anderson were permitted to reside in the residence in return for their payment of most expenses incurred by Mr. Anderson Sr. as owner of the property. The Court finds this arrangement was a lease arrangement.

Plaintiff objects to the trial court's findings on the grounds that an agreement is not a necessary element of a parol resulting trust. We agree that a resulting trust does not require an agreement. "A trust of this sort does not arise from or depend on any agreement between the parties. It results from the fact that one man's money has been invested in land and the conveyance taken in the name of another." *Teachey v. Gurley*, 214 N.C. 288, 292, 199 S.E. 83, 86-87 (1938). While an agreement is not necessary to create a resulting trust, "the resulting trust must arise *in the same transaction in which legal title passes*. Consideration to support the resulting trust must have been paid *before or at the time legal title passes*, and not after legal title has passed." P. Hetrick & J. McLaughlin, Webster's Real Estate Law in North Carolina § 522 (3d ed. 1988) (emphasis in original). Additionally, we note that a promise to pay may serve as adequate consideration to support a resulting trust. *Cline v. Cline*, 297 N.C. 336, 346, 255 S.E.2d 399, 406 (1979).

Here, Mr. and Mrs. Anderson Sr. hold title to the property. Accordingly, to establish a resulting trust, plaintiff needed to show that she and Mr. Anderson Jr. paid the consideration to support the trust before or at the time legal title passed to Mr. and Mrs. Anderson Sr. Since plaintiff could establish a resulting trust by showing that a promise to pay the expenses served as consideration when Mr. and Mrs. Anderson Sr. took title, the trial court properly considered whether there was an agreement.

We disagree with appellant's argument that the evidence supports the existence of a resulting trust. Plaintiff offered the follow-

ing evidence to support her claim: After moving into the house, she and her husband made monthly payments in the amount of the mortgage payment to Mr. Anderson Sr., paid taxes and insurance, and paid for maintenance and improvements. Here, all of plaintiff's evidence related to money transactions that occurred *after* title passed to Mr. and Mrs. Anderson Sr. Subsequent agreements and transactions between the parties after title has transferred are not relevant to the question of whether a resulting trust was established. P. Hetrick & J. McLaughlin, Webster's Real Estate Law in North Carolina § 522 (3d ed. 1988).

[2] Plaintiff next contends that the trial court's finding that the arrangement between the parties was a lease is contrary to the weight of the evidence. We disagree.

The testimony at the hearing was conflicting as to whether the parties had agreed that Mr. and Mrs. Anderson Jr. would get title to the house once the mortgage was paid. After hearing all of the evidence, the trial judge concluded that the agreement, if any, was a lease and not a contract by which Mr. and Mrs. Anderson Jr. would obtain any ownership interest in the property. "Where the trial court sits without a jury, its findings of fact have the force and effect of a jury verdict and are conclusive on appeal if supported by competent evidence, even though there may be evidence to support contrary findings." *Bridges v. Bridges*, 85 N.C. App. 524, 526, 355 S.E.2d 230, 231 (1987).

There was sufficient evidence to support a finding that the relationship between the parties was a lease arrangement. Mr. Anderson Sr. testified that his son and plaintiff were to pay him rent and that he allowed them to live in the house as long as it cost him no out-of-pocket expenses. He also testified that he never agreed with them that the house would be theirs once his mortgage was paid. When the court inquired, plaintiff testified that the checks she wrote for the mortgage and taxes were payable directly to Mr. Anderson Sr. and not to the bank or the taxing authority. She also testified that she had on occasion written the word "rent" on the checks she sent to Mr. Anderson Sr. Additionally, plaintiff acknowledged that although she did not know why, she previously had consented to the entry of court orders reciting that she was renting the house from Mr. Anderson Sr. The testimony constituted sufficient evidence to support the trial court's finding

that the agreement, if any, was a "lease arrangement." Accordingly, we conclude that the judgment of the trial court should be affirmed.

Affirmed.

Judges JOHNSON and PARKER concur.