DAVID C. WINSTON, Plaintiff v. LIVINGSTONE COLLEGE, INC. and LIVINGSTONE COLLEGE AND HOOD THEOLOGICAL SEMINARY, INC., Defendants

No. COA10-1070

(Filed 15 March 2011)

**1. Civil Procedure— summary judgment—uncontested findings must be clearly delineated**

An order granting summary judgment should not include findings of fact. If the trial court chooses to recite uncontested findings of fact, they should be clearly denominated as such.

**2. Statutes of Limitation and Repose— expiration on Sunday —filing on Monday**

The trial court erred by granting summary judgment for defendant based on the statute of limitations where the limitations period expired on a Sunday and defendant filed his action on Monday.

Appeal by plaintiff from judgment entered 24 May 2010 by Judge Theodore S. Royster, Jr. in Rowan County Superior Court. Heard in the Court of Appeals 26 January 2011.

*The Law Office of Mark N. Kerkhoff, PLLC, by Mark N. Kerkhoff, for plaintiff-appellant.*

*Erwin and Eleazar, P.A., by L. Holmes Eleazar, Jr. and Ronald L. Gibson, for defendant-appellees.*

STEELMAN, Judge.

Where the three-year statute of limitations for a tort action expired on a Sunday, plaintiff was permitted to file his action on Monday, the next day that the courthouse was open, pursuant to N.C. Gen. Stat. § 1-593 and Rule 6(a) of the North Carolina Rules of Civil Procedure.

## I. Factual and Procedural Background

The complaint filed in this action alleged that David C. Winston (plaintiff) was employed by Livingstone College, Inc. as Director of Plant Operations. An inspection of the boilers revealed that they were in violation of the applicable laws and regulations. When he brought these issues to the attention of defendants, he was terminated by

letter dated 25 October 2006. On 26 October 2009, plaintiff filed an application and obtained an order granting him permission to file a complaint seeking damages for wrongful discharge in violation of public policy within twenty (20) days pursuant to Rule 3 of the North Carolina Rules of Civil Procedure. The complaint was filed on 13 November 2009. On 3 February 2010, defendants filed a motion for summary judgment asserting that plaintiff's action was barred by the three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52(1). On 24 May 2010, the trial court granted defendants' motion for summary judgment based upon the three-year statute of limitations. Plaintiff appeals.

## II. Findings of Fact in a Summary Judgment Order

**[1]** The order of the trial court granting summary judgment contains findings of fact. The appellate courts of this state have on numerous occasions held that it is not proper to include findings of fact in an order granting summary judgment. *See, e.g., McArdle Corp. v. Patterson,* 115 N.C. App. 528, 531, 445 S.E.2d 604, 606 (1994), *aff'd,* 340 N.C. 356, 457 S.E.2d 596 (1995); *Warren v. Rosso and Mastracco, Inc.,* 78 N.C. App. 163, 164, 336 S.E.2d 699, 700 (1985); *Capps v. City of Raleigh,* 35 N.C. App. 290, 292, 241 S.E.2d 527, 528 (1978). If there are issues of fact to be determined by the trial court, then it is not appropriate for the trial court to grant summary judgment. *Capps,* 35 N.C. App. at 293, 241 S.E.2d at 529. If the trial court chooses to recite *uncontested* findings of fact in its order, they should be clearly denominated as such.

However, based upon the record in this case, we hold that there were no genuine issues of material fact as to the questions of law raised by this appeal.

## III. Computation of Time Pursuant to Rule 6 of the North Carolina Rules of Civil Procedure

**[2]** Plaintiff contends that the trial court erred in ruling that his claim was barred by the three-year statute of limitations. We agree.

The manner in which time is to be computed in North Carolina is set forth by statute. "The time within which an act is to be done, as provided by law, shall be computed in the manner prescribed by Rule 6(a) of the Rules of Civil Procedure." N.C. Gen. Stat. § 1-593 (2009). Rule 6(a) provides, in relevant part:

WINSTON v. LIVINGSTONE COLL., INC.

[210 N.C. App. 486 (2011)]

Rule 6. Time.

(a) Computation.—In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, including rules, orders or statutes respecting publication of notices, the day of the act, event, default or publication after which the designated period of time begins to run is not to be included. *The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday when the courthouse is closed for transactions, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday when the courthouse is closed for transactions.*

N.C. Gen. Stat. § 1A-1, Rule 6(a) (2009) (emphasis added). Rule 6(a) applies to all computations of time for statutory periods set forth in the General Statutes, including the statute of limitations provided in N.C. Gen. Stat. § 1-52(1). See N.C. Gen. Stat. § 1-593 (2009).

In computing time periods designated by the General Statutes, North Carolina courts have held that under Rule 6(a), the relevant time period runs until the end of the next business day when the last day of the period is a Saturday, Sunday, or legal holiday. *See Pearson v. Nationwide Mut. Ins. Co.*, 325 N.C. 246, 252, 382 S.E.2d 745, 747 (1989); *Seafare Corp. v. Trenor Corp.*, 88 N.C. App. 404, 409, 363 S.E.2d 643, 648, *disc. review denied*, 322 N.C. 113, 367 S.E.2d 917 (1988); *In re Underwood*, 38 N.C. App. 344, 347, 247 S.E.2d 778, 780 (1978). The rule applies to the calculation of multi-year limitations periods. *See Kinlaw v. Norfolk S. Ry. Co.*, 269 N.C. 110, 119, 152 S.E.2d 329, 336 (1967); *Hardbarger v. Deal*, 258 N.C. 31, 33, 127 S.E.2d 771, 773 (1962); *In re H.T.*, 180 N.C. App. 611, 616, 637 S.E.2d 923, 927 (2006). If the last day of a period of limitation for commencing an action falls on a Sunday or on a legal holiday, the period is extended and the action may be commenced on the following secular or business day. *Hardbarger*, 258 N.C. at 33, 127 S.E.2d at 773. The rule applies to all computations of time, whether they involve days, months, or years. *Id.* at 33, 127 S.E.2d at 772-73.

In the present case, plaintiff was terminated from his employment on 25 October 2006 and commenced his lawsuit on 26 October 2009 by obtaining an order extending the time for filing his action. The limitations period for a tort action based upon wrongful discharge in violation of public policy is three years. See N.C. Gen. Stat. § 1-52(1) (2009). The end of the three-year limitations period occurred on 25

**WINSTON v. LIVINGSTONE COLL., INC.**

[210 N.C. App. 486 (2011)]

October 2009, a Sunday. Rule 6(a) provides that the final day of a limitations period extends to the following business day when the end of the period occurs on a Sunday. By obtaining an extension to file his action on Monday, 26 October, and filing his complaint within the extension period, plaintiff's action was timely filed.

We hold that the trial court erred in granting defendants' motion for summary judgment based upon the statute of limitations. The trial court's order granting defendants' motion for summary judgment is reversed.

REVERSED.

Judges ELMORE and ERVIN concur.