STROUD, Judge.
 

 Plaintiff Masivi Tuwamo appeals from the superior court's order denying her motion for summary judgment and dismissing all of the claims in her complaint, arguing that a "constructive/resulting" trust was created. Defendant Sita R. Tuwamo cross-appeals from the same order denying his motion for summary judgment, arguing that plaintiff's summary judgment motion was properly denied, but his motion should have been granted. Defendant also argues that the trial court properly dismissed plaintiff's claims
 
 sua sponte.
 
 Because plaintiff's complaint fails to state any legally cognizable claim, we find that the trial court properly dismissed plaintiff's claims with prejudice
 
 sua sponte.
 
 Accordingly, we affirm the superior court's order dismissing her claims.
 

 Facts
 

 Plaintiff's complaint tended to show the following facts. Plaintiff relocated to North Carolina from her native country, Zaire, formerly the Congo, in 1989. She married her now deceased husband, Tuwamo Mengika, on 23 March 1991 in Charlotte, North Carolina. Plaintiff and her husband operated a convenience store in Mecklenburg County. In 1993, plaintiff's husband began engaging in acts of domestic violence toward her and "law enforcement became involved." Plaintiff and her husband subsequently reconciled, and they purchased a house located in Charlotte, North Carolina in 1997 ("the Property"). Plaintiff and her husband made all mortgage payments on the Property and paid off the mortgage in 2009. Plaintiff's husband died intestate on 13 March 2010.
 
 [1]
 

 Plaintiff lived in the house on the Property from 1997 through the time of her husband's death. On 18 September 2013, plaintiff received notice that defendant, the natural brother of her deceased husband, had commenced a proceeding in Summary Ejectment against her. After receiving the notice, plaintiff discovered that the Property was legally titled in defendant's name.
 

 Plaintiff commenced this action by filing a complaint against defendant on 8 October 2013. Plaintiff's complaint alleged that a resulting trust of the Property was established in favor of plaintiff and her deceased husband. Plaintiff asked for specific performance, injunctive relief, and declaratory relief, all based upon a theory of resulting trust. In his answer to plaintiff's complaint, defendant denied that the trial court had jurisdiction over the matter, alleging that "[t]he consideration must be advanced prior to the acquisition of the title by the alleged trustee for a resulting trust to arise. Payment of a consideration after title is acquired by the asserted trustee does not give rise to a resulting trust."
 

 The parties conducted discovery and depositions, and on 7 May 2014, plaintiff moved for summary judgment, arguing that no genuine issues of material fact or law exist and that she was entitled to summary judgment in her favor. On 30 May 2014, defendant also filed a motion for summary judgment. At the end of his summary judgment motion, defendant requested "that the Court enter summary judgment in its favor as to the Plaintiff's claims against him and that Plaintiff's Complaint be dismissed with prejudice." Plaintiff subsequently filed another motion for summary judgment on 21 July 2014. The case was scheduled for a jury trial on 4 August 2014, but both parties agreed that the trial court should first consider their summary judgment motions. At the conclusion of the hearing, the trial court noted that "[b]oth parties brought forward motions for summary judgments. The defense also had in their prayer motion to dismiss the plaintiff's
 
 *334
 
 cause of action." The trial court announced this rationale for its ruling and that plaintiff's case was dismissed, and thus no trial occurred.
 

 On 25 August 2014, the court entered an order denying both plaintiff's and defendant's motions for summary judgment and dismissing all of plaintiff's claims. In its order, the trial court found as fact that plaintiff's husband died on 13 March 2010 and that they both had lived on the Property. The court also found that the deed of trust for the Property was filed in the Mecklenburg County Register of Deed's office on 6 January 1997 between defendant, as the grantor, and Integrity Mortgage Corporation as the beneficiary. The trial court attached the deed as an exhibit and incorporated it by reference into the order. The court noted further that the general warranty deed between Don Galloway Homes of North Carolina, LLC, and defendant for the same Property was also filed on 6 January 1997 with the Mecklenburg County Register of Deeds, once again attaching it as an exhibit and incorporating it by reference. The trial court found no other written documents relating to the ownership of the Property.
 

 The trial court then concluded that the general warranty deed established
 
 prima facie
 
 title to the Property. The court once again noted that the only documents presented were the general warranty deed and the deed of trust, and the court concluded that any discussions relating to individuals whose interests are barred by North Carolina's Dead Man's Statute would have been inadmissible at trial.
 
 [2]
 
 Ultimately, the trial court concluded that the findings of fact listed in its order were "the only facts ... present and undisputed" in the case and then proceeded to deny summary judgment for both parties and dismiss all of plaintiff's claims with prejudice.
 

 Plaintiff filed timely notice of appeal to this Court on 19 September 2014. On 24 October 2014, defendant filed his notice of appeal for a cross-appeal based on plaintiff's notice, while also indicating that he never received proper service of plaintiff's notice.
 
 [3]
 
 Both plaintiff and defendant were granted an extension of time to file their briefs with this Court.
 

 Discussion
 

 I. Overview and Appropriate Standard of Review
 

 We have had some difficulty determining the correct standard of review for this case, thanks to the odd procedural posture of this case and the rather unusual order which denies both motions for summary judgment, makes findings of fact, and
 
 sua sponte
 
 dismisses plaintiff's claims. On appeal, plaintiff argues that the trial court committed reversible error when it denied her motion for summary judgment and when it dismissed her complaint
 
 sua sponte.
 
 Defendant also cross-appeals and argues that the trial court erred in denying his motion for summary judgment, although of course he does not challenge the trial court's denial of plaintiff's motion or the dismissal of plaintiff's claims.
 

 While the hearing started out as a summary judgment hearing and the trial court's order does deny the summary judgment motions, the order on appeal is not really a summary judgment order. Typically, "[t]he denial of a motion for summary judgment is an interlocutory order which ordinarily would not be subject to immediate appellate review."
 

 *335
 

 Free Spirit Aviation, Inc. v. Rutherford Airport Auth.,
 

 191 N.C.App. 581
 
 , 583,
 
 664 S.E.2d 8
 
 , 10 (2008). Since, however, the trial court also ultimately dismissed plaintiff's claims for failing to state a legally cognizable claim, rendering its order a final judgment on the merits, the appeal is not interlocutory.
 

 The order does not specify the legal basis for the trial court's dismissal of all of plaintiff's claims, although the hearing transcript shows that the trial judge had noted that "[t]he defense also had in their prayer motion to dismiss the plaintiff's cause of action." Defendant argues that the trial court's
 
 sua sponte
 
 order was a ruling under Rule 41(b) of the Rules of Civil Procedure, noting that the rule provides in part that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this section and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a necessary party, operates as an adjudication upon the merits." Although the trial court did not refer to any particular rule in ordering dismissal, we believe it is clear from the entire transcript and order that the trial court dismissed the complaint under Rule 12(b)(6) of the Rules of Civil Procedure for "[f]ailure to state a claim upon which relief can be granted[.]"
 

 This Court has found that "[c]ourts have continuing power to supervise their jurisdiction over the subject matter before them, including the power to dismiss
 
 ex mero motu.
 
 "
 
 Narron v. Union Camp Corp.,
 

 81 N.C.App. 263
 
 , 267,
 
 344 S.E.2d 64
 
 , 67 (1986).
 
 See also
 

 Amazon Cotton Mills Co. v. Duplan Corp.,
 

 246 N.C. 88
 
 , 89,
 
 97 S.E.2d 449
 
 , 449 (1957) (" 'If the cause of action, as stated by the plaintiff, is inherently bad, why permit him to proceed further in the case, for if he proves everything that he alleges he must eventually fail in the action.' " (quoting
 
 Maola Ice Cream Co. of N.C., Inc. v. Maola Milk & Ice Cream Co.,
 

 238 N.C. 317
 
 , 324,
 
 77 S.E.2d 910
 
 , 916 (1953) )). Furthermore, our Supreme Court has noted that "[w]hen the complaint fails to state a cause of action, a defect appears upon the face of the record proper. On appeal, the Supreme Court will take notice of it and will
 
 ex mero motu
 
 dismiss the action."
 
 May v. S. Ry. Co.,
 

 259 N.C. 43
 
 , 49,
 
 129 S.E.2d 624
 
 , 628-29 (1963). "When the complaint fails to allege the substantive elements of some legally cognizable claim, or where it alleges facts which defeat any claim, the complaint must be dismissed."
 
 Oberlin Capital, L.P. v. Slavin,
 

 147 N.C.App. 52
 
 , 56,
 
 554 S.E.2d 840
 
 , 844 (2001).
 

 We conclude, therefore, that the trial court in this case similarly concluded that the complaint failed to state a cause of action and then decided to dismiss the action
 
 ex mero motu.
 
 For this reason, we review the order as a dismissal under Rule 12(b)(6).
 

 "The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true. On a motion to dismiss, the complaint's material factual allegations are taken as true. Dismissal is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim."
 

 Podrebarac v. Horack, Talley, Pharr, & Lowndes, P.A.,
 

 231 N.C.App. 70
 
 , 74,
 
 752 S.E.2d 661
 
 , 663 (2013) (quoting
 
 Burgin v. Owen,
 

 181 N.C.App. 511
 
 , 512,
 
 640 S.E.2d 427
 
 , 428-29 (2007) ). "On appeal from an order granting or denying a motion filed pursuant to N.C. Gen.Stat. § 1A-1, Rule 12(b)(6), we review the pleadings
 
 de novo
 
 to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct."
 
 Glynne v. Wilson Med. Ctr.,
 

 236 N.C.App. 42
 
 , 47,
 
 762 S.E.2d 645
 
 , 649 (2014) (internal quotation marks omitted),
 
 review dismissed by agreement,
 

 367 N.C. 811
 
 ,
 
 768 S.E.2d 115
 
 (2015).
 

 II. Analysis
 

 a. Uncontested Findings
 

 On appeal, plaintiff focuses primarily on why the trial court erred in denying her summary judgment motion and simply argues that the trial court had "no authority"
 

 *336
 
 to dismiss her complaint
 
 sua sponte.
 
 Thus, plaintiff makes no challenges to the trial court's factual findings or legal conclusions. Of course, neither an order for dismissal under Rule 12(b)(6) nor a summary judgment order should include findings of fact.
 
 See, e.g.,
 

 M Series Rebuild, LLC v. Town of Mount Pleasant,
 

 222 N.C.App. 59
 
 , 63,
 
 730 S.E.2d 254
 
 , 258 (2012) ("[F]indings of fact are generally not binding on appeal from a trial court's ruling on motion to dismiss under Rule 12. The purpose of a motion to dismiss is to test law of a claim, not to resolve evidentiary conflicts. As resolution of evidentiary conflicts is not within the scope of Rule 12, we are not bound by the trial court's findings." (citation, quotation marks, brackets, and ellipses omitted));
 
 Winston v. Livingstone College, Inc.,
 

 210 N.C.App. 486
 
 , 487,
 
 707 S.E.2d 768
 
 , 769 (2011) ("The appellate courts of this state have on numerous occasions held that it is not proper to include findings of fact in an order granting summary judgment.").
 

 In this case, however, it seems that the trial court was simply setting out a summary of the uncontested facts as a basis for its determination that plaintiff had not stated a claim upon which relief could be granted. In any event, the findings are not what we would typically consider to be "findings of fact" and no evidence was presented upon which findings could be based. Furthermore, it is clear from the pleadings, discovery responses, depositions, and arguments before the trial court that there was no real dispute about the facts but only a legal question was presented. The undisputed facts show that defendant was the title owner of the Property from the date of its purchase in 1997. Plaintiff does not know why defendant is the title owner. Neither plaintiff nor her deceased husband ever held title to the Property.
 

 b. Resulting Trust
 

 Although defendant holds legal title to the Property, plaintiff contends that the trial court erred in denying her motion for summary judgment because a resulting trust exists in favor of plaintiff, creating equitable ownership of the Property. This Court has previously explained:
 

 "[a] resulting trust arises when a person becomes invested with the title to real property under circumstances which in equity obligate him to hold the title and to exercise his ownership for the benefit of another.... A trust of this sort does not arise from or depend upon any sort of agreement between the parties. It results from the fact that one man's money has been invested in land and the conveyance taken in the name of another.
 

 The classic example of a resulting trust is the purchase-money resulting trust. In such a situation, when one person furnishes the consideration to pay for the land, title to which is taken in the name of another, a resulting trust commensurate with his interest arises in favor of the one furnishing the consideration. The general rule is that the trust is created, if at all, in the same transaction in which the legal title passes, and by virtue of the consideration advanced before or at the same time the legal title passes."
 

 Bissette v. Harrod,
 

 226 N.C.App. 1
 
 , 12,
 
 738 S.E.2d 792
 
 , 800 (2013) (quoting
 
 Cury v. Mitchell,
 

 202 N.C.App. 558
 
 , 562-63,
 
 688 S.E.2d 825
 
 , 828-29 (2010) ).
 

 Here, although plaintiff alleged generally that she and her deceased husband "subsequently reconciled and purchased property in 1997[,]" her forecast of evidence was that her deceased husband actually made all of the mortgage payments on the Property. Other than the allegation that her husband died intestate, plaintiff's complaint contains no further information regarding his estate and his estate is not a party to this action. In addition, plaintiff and her deceased husband are not the same person, even if he did make all of the payments, including the down payment.
 

 Plaintiff's arguments focus largely on the fact that defendant did not make any mortgage payments, a fact which is not disputed. At issue with a resulting trust, however, is whether consideration was given at or before the trust was created.
 
 See, e.g.,
 

 Anderson v. Anderson,
 

 101 N.C.App. 682
 
 , 685,
 
 400 S.E.2d 764
 
 , 766 (1991) ("While an agreement is not necessary to create a resulting
 
 *337
 
 trust, the resulting trust must arise
 
 in the same transaction in which legal title passes.
 
 Consideration to support the resulting trust must have been paid
 
 before or at the time legal title passes,
 
 and not after legal title has passed." (quotation marks omitted)). Here, plaintiff's complaint lacks any allegations regarding the actual purchase transaction while also indicating that plaintiff has no idea how defendant's name came to be on the deed and deed of trust. Plaintiff's complaint does not allege who paid the down payment on the Property and just generally alleges that she and her husband made all of the mortgage payments.
 
 [4]
 
 In any event, it is obvious that plaintiff did not give any consideration "before or at the time legal title passes"-even if her deceased husband did-since she does not know how the defendant ended up as the title owner. Plaintiff has failed to meet the necessary requirements to state a claim for relief as a resulting trust and has failed to demonstrate under
 
 Cline
 
 that a resulting trust was created.
 

 Plaintiff argues that "[t]he indisputable evidence of record is that plaintiff's husband was attempting to circumvent the laws of equitable distribution in accordance with the State of North Carolina in case plaintiff and her deceased husband became divorced." But neither her complaint nor the court's order address this issue. Plaintiff made no allegations and offered no evidence supporting such statement, and any motive of this sort would only have existed in the mind of her deceased husband. In addition, plaintiff's complaint does not even go so far as to allege that she and her husband ever legally separated or that equitable distribution was an issue between them. Her only allegation was that her husband engaged in unspecified "domestic acts of violence" against her in 1993 and that "law enforcement" was involved. This would imply that plaintiff's husband may have been criminally prosecuted for domestic violence, but the complaint does not allege that either plaintiff or her deceased husband ever filed or even contemplated filing any equitable distribution action. In any event, plaintiff's complaint does not specify when she and her husband "reconciled," but rather it indicates that the purchase of the Property was four years after the domestic violence issue and that they continued to live together until his death 13 years later.
 

 We also note that although plaintiff refers to the Property as "marital property," marital property is a legal term used in equitable distribution proceedings which is not applicable unless or until married parties separate.
 
 See
 
 N.C. Gen.Stat. § 50-20(b)(1) (2015) (" 'Marital property' means all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned, except property determined to be separate property or divisible property in accordance with subdivision (2) or (4) of this subsection."). It does not apply to property owned while the parties are married and not separated. Plaintiff and her deceased husband were married at the time he died and neither plaintiff's complaint nor the record as a whole contains any allegations of separation at any relevant time. Liberally construed, we understand plaintiff's allegations to mean that she now believes that her husband had arranged to put title to the home in his brother's name to circumvent any claim she may ever have to the home in equitable distribution, if and when they had separated. Yet, as noted above, plaintiff alleges that she did not know how or why the home was actually titled to defendant and she and her husband never separated after the Property was purchased. Accordingly, the trial court correctly concluded that plaintiff's complaint failed to state a valid claim for resulting trust.
 

 We understand that plaintiff was apparently treated unfairly by both her deceased husband and her brother-in-law, defendant. Furthermore, we recognize the hardship and distress which she and her children have likely suffered from both her husband's death and the loss of their home, in which they had lived since 1997. We also realize that in plaintiff's homeland of Zaire, the laws,
 
 *338
 
 mores, and customs regarding ownership of property and family obligations relating to property are likely very different from those in the United States. Nevertheless, although we sympathize with plaintiff's position, we must agree with the trial court that her claims are not legally cognizable.
 

 c. Constructive Trust
 

 Plaintiff also argues that the trial court should not have dismissed her complaint because she has a claim for imposition of a constructive trust. Plaintiff's brief conflates the issues by arguing that "[b]ased upon all of the facts that we have in this situation, there exists a constructive/resulting trust regarding the equitable ownership of this property in favor of the plaintiff[,]" but actually these are two different types of trusts and they are created in different ways. "A constructive trust ... arises when one obtains the legal title to property in violation of a duty he owes to another. Constructive trusts ordinarily arise from actual or presumptive fraud and usually involve the breach of a confidential relationship."
 
 Fulp v. Fulp,
 

 264 N.C. 20
 
 , 22,
 
 140 S.E.2d 708
 
 , 711 (1965).
 

 We first note that plaintiff's complaint did not include any claim for constructive trust. It included four titled claims: (1) Resulting trust; (2) Specific performance; (3) Injunctive relief; and (4) Declaratory relief. All four of the claims are premised upon a resulting trust theory, and the complaint makes no mention of a constructive trust. Even if we look beyond the titles of the claims, the complaint makes no allegations of any fraud or misrepresentation by defendant and no allegation of any sort of legal duty owed to plaintiff by defendant that could create a constructive trust. Plaintiff's complaint does not state any claim for constructive trust and the trial court did not err by dismissing it.
 

 d. Denial of Summary Judgment
 

 Plaintiff asserts that since the trial court denied both parties' motions for summary judgment, it must have found genuine issues of material fact for both sides and argues that she is entitled to a jury trial to determine those factual issues. As noted above, we are treating this appeal as a ruling upon a motion to dismiss and not a summary judgment motion, but we will address plaintiff's argument briefly. Unlike a motion to dismiss, however, a motion for summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). Thus, when ruling on the summary judgment motions in the case at hand, the trial court could consider, in addition to plaintiff's complaint, the depositions and any additional discovery information.
 

 As noted above, the procedural posture of this case is confusing, but ultimately the trial court's ruling was legally correct. Perhaps it would have been less confusing and procedurally more appropriate if the trial court had instead denied plaintiff's motion for summary judgment and granted defendant's motion for summary judgment, dismissing plaintiff's complaint as requested by defendant, on the basis that even after considering all of the discovery and depositions, there was no genuine issue of material fact and plaintiff's claims fail as a matter of law. The effect would be the same but the wording of the court's order would be slightly different.
 

 Here, the trial court's order notes that it "reviewed and considered all the evidence presented[.]" As a general rule, a court can only consider the face of the complaint when considering a motion to dismiss for failure to state a claim. Because the parties were proceeding upon their competing summary judgment motions, the court considered discovery documents and depositions in addition to the pleadings. Yet to the extent that the court based its ruling upon any matter outside of the pleadings, it is obvious that the court properly considered all evidence in the light most favorable to plaintiff.
 

 Even after reviewing that evidence, the trial court concluded that plaintiff's complaint should be dismissed with prejudice. In other words, whether we consider only the face of plaintiff's complaint to support the dismissal, or if we also consider the forecast of evidence
 
 *339
 
 as would be proper upon summary judgment motions, there truly was no genuine issue of material fact and plaintiff's claims fail as a matter of law. Therefore, we affirm the trial court's
 
 sua sponte
 
 dismissal of the complaint for failure to state a claim upon which relief may be granted.
 
 See also
 

 Shoffner Industries, Inc. v. W.B. Lloyd Const. Co.,
 

 42 N.C.App. 259
 
 , 263,
 
 257 S.E.2d 50
 
 , 54 (1979) ("When a court decides to dismiss an action pursuant to Rule 12(b)(6), any pending motion for summary judgment against the claimant may be treated as moot and therefore not be decided.").
 

 Conclusion
 

 In conclusion, the trial court had authority to dismiss plaintiff's complaint
 
 sua sponte
 
 since the complaint failed to state a claim upon which relief could be granted. And even looking beyond the complaint and taking the plaintiff's forecast of evidence in the light most favorable to her, plaintiff failed to show any genuine issue of material fact as to her claim for resulting trust or any legal basis for the imposition of a resulting trust. Accordingly, we conclude that the court's dismissal was proper.
 

 AFFIRMED.
 

 Judges STEPHENS and DAVIS concur.
 

 [1]
 

 While plaintiff's complaint initially states that her husband died intestate on 13 March 2012, it later references "the untimely death of her deceased husband in 2010." During her deposition, plaintiff clarified that he died in 2010. Moreover, the trial court made a finding, in the order being appealed, that her husband died on 13 March 2010. Accordingly, we refer to 13 March 2010, rather than 2012, as his date of death.
 

 [2]
 

 Plaintiff raises no argument on appeal regarding the Dead Man's statute so we do not address the trial court's ruling on this issue.
 

 [3]
 

 The record does not indicate that plaintiff served her notice of appeal on defendant, but since defendant filed his own notice of appeal and filed multiple briefs on appeal, plaintiff's failure to provide service is deemed waived.
 
 See
 

 Hale v. Afro-American Arts Int'l, Inc.,
 

 335 N.C. 231
 
 , 232,
 
 436 S.E.2d 588
 
 , 589 (1993) (per curiam) ("[A] party upon whom service of notice of appeal is required may waive the failure of service by not raising the issue by motion or otherwise and by participating without objection in the appeal, as did the plaintiff here."). Moreover, since defendant was never served a notice of appeal from plaintiff, the time restraints in Rule 3 of the Rules of Civil Procedure do not apply and defendant's notice is deemed timely.
 

 [4]
 

 And even if we look beyond the complaint to her deposition testimony, plaintiff testified that her husband made all of the payments; she did not make any payments.